**Timothy TOBIN, Jr.**

v.

**GULF OIL CORPORATION.**

**Civ. A. No. 81–2241.**

United States District Court,
E. D. Louisiana.

March 15, 1982.

Jerald Andry, New Orleans, La., for plaintiff.

Glenn G. Goodier, New Orleans, La., for Gulf Oil.

Robert Leininger, Jr., Metairie, La., for third-party defendant.

CHARLES SCHWARTZ, Jr., District Judge.

## REASONS FOR RULING

This matter is before the Court on the motion of defendant Gulf Oil Corporation (Gulf) for summary judgment on its third party claim for contractual indemnity against Services, Equipment & Engineering, Inc. (S.E.E.). For the reasons hereinafter set out the motion should be and it is hereby GRANTED.

This personal injury action was filed against defendant Gulf by plaintiff Timothy Tobin, Jr. who seeks damages for injuries which he allegedly sustained while employed by S.E.E. and working on Gulf's Rig No. 10 located in the Gulf of Mexico at South Timbalier Block 176E. Tobin alleges that he was injured on June 4, 1980. Suit was filed on June 4, 1981. On July 24, 1981, Gulf filed a third-party complaint against S.E.E. seeking contractual indemnity. The basis for Gulf's claim in this regard is paragraph XII of Workover Contract No. NOD–717 entered into between Gulf and S.E.E. (designated therein as Contractor) on December 13, 1979 which provides in pertinent part:

Contractor agrees: to protect, indemnify and save Gulf harmless from and against all claims, demands and causes of action, suits or other litigation (including defending all causes of action, suits or other litigation or indemnifying or holding Gulf harmless from and against all costs, expenses, attorneys' fees incurred by Gulf in the defense of such causes of action, suits or other litigation arising from operations carried on hereunder) of every kind and character arising in favor of contractor or third parties, including but not limited to personnel furnished by Contractor, on account of personal injuries or death ... whether arising out of negligence on the part of Gulf or other-

wise, including any claim based upon the unseaworthiness of any vessel or upon any theory of strict liability, in any way occurring, incident to, or arising out of the operations carried on hereunder, and particularly, but not by way of limitation, against any loss or damage whatsoever caused by fire, explosions or accidents of any kind during the performance of and until the completion of such work and the acceptance thereof by Gulf ... the agreements herein to indemnify and save Gulf harmless are in addition to contractor's acceptance of general liability as an independent contractor hereunder.

S.E.E. opposes Gulf's motion taking the position that the quoted indemnity provisions are null and void by virtue of L.R.S. 9:2780 (Act 427 of Louisiana Regular Session of 1981) effective September 11, 1981. Alternatively, S.E.E. contends that Gulf is not entitled to indemnity as the clause in question is unclear and ambiguous. We cannot agree with either proposition.

■ Mr. Tobin's injury, his initial suit against Gulf, and Gulf's claim against S.E.E. all pre-date the effective date of LRS 9:2780. S.E.E. would therefore have us rule that the statute is to be applied retroactively to void indemnity contracts applicable to accidents occurring prior to the effective date of the act. The law is to the contrary. While the statute may be constitutional and apply to contracts executed prior to the effective date and existing after it with respect to accidents occurring after September 11, 1981, we hold that it is not applicable to accidents or injuries such as Mr. Tobin's which occurred prior to that date.

LRS 9:2780 is a substantive law and not merely remedial or procedural. Accordingly prospective application of the statute is presumed in the absence of specific provision to the contrary. *Lott v. Haley*, 370 So.2d 521 (La., 1979); La.C.C. Art. 8; LRS 1:2. LRS 9:2780 makes no specific provision for retroactive effect.

■ Finding that the indemnity provision is not null and void, we address S.E.E.'s

claim that the provision in question is unclear and ambiguous. Our reading of the clause reveals that it clearly and unambiguously provides for indemnification of Gulf by S.E.E. in this suit filed by an employee of S.E.E. alleging negligence and strict liability on the part of the platform owner, Gulf, and arising out of work performed under the contract.