Stephen M. **FRAZIER**

v.

**COLUMBIA GAS DEVELOPMENT CORPORATION.**

**Civ. A. No. 83–1872.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 31, 1984.

Hicks & Brown, C. James Hicks, Alexandria, La., for plaintiff.

Stafford, Stewart & Potter, Larry A. Stewart, Alexandria, La., for Road Equipment Co., Inc.

Davidson, Meaux, Sonnier & McElligott, John E. McElligott, Jr., Lafayette, La., for Columbia Gas Development Corp.

Gist, Methvin, Hughes & Munsterman, George C. Gaiennie, III and Howard B. Gist, III, Alexandria, La., for Consolidated Operating Co., Inc.

Bolen & Erwin, James A. Bolen, Jr., Alexandria, La., for Angelina Cas. Ins. Co.

Mouton, Roy, Carmouche, Bivins, Judice & Henke, Alan K. Breaud, Lafayette, La., for Mission National Ins. Co.

## RULING

**NAUMAN S. SCOTT**, District Judge.

This matter is before the Court on the motion of third-party defendant Consolidated Operating Company, Inc. (Consolidated) for summary judgment declaring Columbia Gas Development Corporation's (Columbia) claim for contractual indemnity against it null and void under LSA–R.S. 9:2780. For the reasons hereinafter set out, the motion should be and it is hereby GRANTED in part and DENIED in part.

This personal injury action was filed against Columbia by plaintiff Stephen M. Frazier who seeks damages for injuries which he allegedly sustained while employed by Consolidated and working on a stationary platform owned by Columbia off the coast of Gueydan, Louisiana. Frazier alleges he was injured on or about June 12, 1983. Suit was filed on August 1, 1983, with jurisdiction based on the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. §§ 1331–1333. On January 30, 1984, Columbia filed a third-party complaint against Consolidated seeking contractual indemnity. The basis for Columbia's claim in this regard is paragraph 5 of the Master Service Agreement entered into between Columbia (designated therein as Company) and Consolidated (designated therein as Contractor) on November 9, 1982 which provides in pertinent part:

> "d.(ii) Contractor agrees to indemnify, defend, hold and save Company ... harmless from all claims ... arising out of or from injury to or death of ... Contractor, its agents ... (and) employees ... howsoever and by whomever caused, which occurs during the course of, or enroute to or from, Contractor's work and performance of services hereunder, and even though occasioned, brought about or caused in whole or in part by the act, negligence or strict liability, whether primary, secondary, imputed or vicarious, of Company ... regardless of whether Contractor et al are found to have been negligent."

Consolidated opposes the enforcement of these provisions since the contract was entered into after the effective date of LSA–R.S. 9:2780 (Act 427 of Louisiana Regular Session of 1981, effective September 11, 1981). Thus, Columbia claims, the provisions are null and void.[1]

### I.

Under the OCSLA "the civil and criminal laws of each adjacent State" apply as surrogate Federal law "(t)o the extent that they are applicable and not inconsistent with (the) Act or other Federal laws and regulations of the Secretary." 43 U.S.C. § 1333(a)(2)(A); *See, e.g., Rodrigue v. Aetna Casualty and Surety Company,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). Therefore, unless it can be shown that LSA–R.S. 9:2780 is inconsistent with the "Act or other Federal laws and regulations", it must be applied.

Defendant contends that under federal law, a corporation may recover indemnity for its own negligence if the applicable contract expressly so provides. *See, U.S. v. Seckinger,* 397 U.S. 203, 212, 90 S.Ct.

---

1. LSA–R.S. 9:2780 provides in pertinent part:
   A. The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in some agreements pertaining to wells for oil, gas or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, to the extent those provisions apply to death or bodily injury to persons. It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee ...
   B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas or water, or drilling for minerals which occur in a solid, liquid, gaseous or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee ...

880, 885, 25 L.Ed.2d 224, 233 n. 17 (1970). This being so, defendant claims, then § 2780 is inconsistent with federal law and, as such, should not be applied under the OCSLA.[2]

Of utmost importance to us in our analysis is the phrase "and not inconsistent with this Act or other Federal laws and regulations of the Secretary." 43 U.S.C. § 1333(a)(2)(A). This language is not ambiguous; we think its meaning is clear. State law must apply except where it is inconsistent with the OCSLA itself, other Federal *statutes* or regulations promulgated by the Secretary. This interpretation is compelled by the use of the word "laws" (as opposed to the word "law" which might imply a body of law—federal common law) and by the use of the correlative word "other", referring to this act or other acts.[3] Certainly this word "laws" does not refer to federal common law.[4] We find that the words "other Federal laws" refers to other Federal acts or statutes.[5]

## II.

■ Having found that Section 2780 applies to the indemnity agreement found

herein, our inquiry now turns to what effect it has on Columbia's claim for contractual indemnity. As was stated by Judge Shaw of this District in his well reasoned ruling in *Home Ins. Co. v. Garber Industries, Inc.*, 588 F.Supp. 1218, 1222 (W.D.La. 1984):

"(The parties) assert that section 2780 nullifies the indemnity agreements *in their entirety* because they contain provisions which purport to provide for defense and indemnity against (the Company's) own negligence. These assertions are not fully supported by the statutory language, however. Subsection (B) of the Act plainly stated that an oilfield indemnity agreement 'is void and unenforceable *to the extent* that it purports to or does provide' for defense and indemnity against the negligence or other fault of the indemnitee or, among others, independent contractors who are directly responsible to the indemnitee. This language compels the conclusion that section 2780 nullifies an oilfield indemnity agreement *only* to the extent that the agreement purports to defend and indemnify a party against the consequences of its own negligence. Application of section 2708 leaves the indemnity agreement

**2.** This precise legal issue was raised but not addressed in *Home Ins. Co. v. Garber Industries, Inc.*, 588 F.Supp. 1218, 1223 n. 8 (W.D.La.1984). In that case, Judge Shaw noted that "there is an issue as to whether section 2780 is inconsistent with federal law ...," citing *Doucet v. Gulf Oil Corporation*, No. 82–4818 (E.D.La., May 17, 1984), *recalled*, No. 82–4818 (E.D.La., June 20, 1984).

**3.** Under "ejusdem generis" canon of statutory construction where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated. Black's Law Dictionary, 5th ed. p. 464.

**4.** We find the reasoning of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 1194 (1938), persuasive, if not controlling: "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State. And whether the law of the State shall be declared by its Legislature in a statute or by its highest

court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a State whether they be local in their nature or 'general', be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts."

**5.** A survey of applicable case law appears to be in agreement with our above holding: *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) (State statute of limitations applied over the federal common law doctrine of laches); *Olsen v. Shell Oil Co.*, 708 F.2d 976 (5th Cir.1983) (applied Louisiana law on inflationary factors in damage awards instead of "federal" law, in absence of a particular federal statute); *Evans v. Chevron Oil Co.*, 438 F.Supp. 1097, 1099 (E.D.La.1977), *aff'd without opinion*, 616 F.2d 565, 566 (5th Cir.1980) (applied Louisiana law on inflation); *Olsen v. Shell Oil Co.*, *supra*, 708 F.2d at 984 (applied LSA–R.S. 13:4203 on matter of prejudgment interest).

valid and enforceable in all other respects."[6]

Thus, in the instant case, Columbia cannot enforce the agreement to indemnify and defend Columbia against its own negligence. This part of Consolidated's motion is granted. On the other hand, however, Consolidated must indemnify and defend Columbia to the extent that the agreement covers claims that are not caused by the negligence or other fault of Columbia or one of its agents, directors, officers, employees and/or co-lessees.[7]

Motion GRANTED in part and DENIED in part.

---

**6.** Like Forest Oil Corporation in the *Garber* case, see note 7, 588 F.Supp. at 1222, it appears Columbia contemplated just such a limited invalidation of the indemnity agreement:

> 5d.(i) To the extent the following provisions of contractual indemnity is permitted by applicable law, ...

**7.** "As a practical matter, this means only that Columbia will be entitled to its costs of defense for Consolidated if the (trier of fact) finds that Columbia, etc. were not negligent or otherwise at fault." *Garber, supra,* 588 F.Supp. at 1223.