**Steven M. FRAZIER**

v.

**COLUMBIA GAS DEVELOPMENT CORPORATION.**

Civ. A. No. 83–1872.

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 28, 1985.

Hicks & Brown, C. James Hicks, Alexandria, La., for Frazier.

Stafford, Stewart & Potter, Larry A. Stewart, Alexandria, La., for Road Equipment Co., Inc.

Davidson, Meaux, Sonnier & McElligott, John E. McElligott, Jr., Lafayette, La., for Columbia Gas Development Corp.

Gist, Methvin, Hughes & Munsterman, George C. Gaiennie, III and Howard B. Gist, III, Alexandria, La., for Consolidated Operating Co., Inc. and Maryland Cas. Co.

### RULING

NAUMAN S. SCOTT, District Judge.

On October 31, 1984 we ruled that LSA–R.S. 9:2780 applied to the indemnity agreement between third-party plaintiff Columbia Gas Development Corporation (Columbia) and third-party defendant Consolidated

---

Operating Company, Inc. (Consolidated), 596 F.Supp. 429, 430 (W.D.La.1984). In accordance with that statute and *Home Ins. Co. v. Garber Industries, Inc.*, 588 F.Supp. 1218 (W.D.La.1984), we held the indemnity agreement "void and unenforcible" *to the extent* that it purports to or does provide for defense and indemnity against the negligence ... "of the indemnitee." 596 F.Supp. at 431. We further held that in all other respects the agreement was valid and enforceable. *Id.* at 432. We are now urged to review that ruling.

The law of indemnity in Louisiana is ever-changing. A court must be aware of changing public policy and economic trends. Little help has come from the Fifth Circuit. In cases concerning the recovery of costs and fees when only the negligence of the indemnitee is at issue, their response has been "ambivalent." *See, Sullen v. Missouri Pac. R. Co.*, 750 F.2d 428, 432 (5th Cir.1985).

Recently, however, a beacon of light has been exposed upon which a confused mariner in this sea of indifference may set his course. In *Sullen, supra,* the Fifth Circuit has begun to define this intricate area. That case dealt with a situation where one of the defendants at trial, Chevron Chemical Company (Chevron), sought to enforce an indemnity agreement between itself and the employer of plaintiff, Broadmoor Corporation. Chevron argued that it was entitled to reimbursement for the cost of successfully defending an action based solely on its alleged negligence. The district court denied Chevron's claim.

On appeal, the Fifth Circuit affirmed. 750 F.2d at 430 and 434. The Court reasoned:

> "In analyzing Broadmoor's obligation to defend Chevron we are *Erie*-obliged to follow and apply Louisiana law. Doing so we focus exclusively on the pleadings considered against the backdrop of the indemnity agreement. Sullen's complaint was based solely on allegations of Chevron's negligence. As we have previously held, the language of this indemnity agreement does not obligate Broadmoor to indemnify Chevron for Chevron's own negligence (citations omitted), and there is no language indicating the intent of Broadmoor to provide Chevron with the costs of defense against its own negligent acts. Since the pleadings alleged only Chevron's negligence, Broadmoor had no duty to defend and is not obliged to reimburse Chevron the costs it incurred in its defense."

750 F.2d at 434.

Applying this reasoning to the case at bar it is apparent that the same result should be reached. The only claims against Columbia, either for direct damages or contribution are for Columbia's own negligence. As we held previously, Columbia cannot be indemnified for their own negligence. 596 F.Supp. at 431. This is clearly against public policy. LSA–R.S. 9:2780. Likewise, requiring Consolidated to defend Columbia for its own negligence is equally against public policy. *Id.;* 596 F.Supp. at 431. To paraphrase *Sullen,* since the pleadings * allege only Columbia's negligence, Consolidated has no duty to indemnify or defend Columbia, and is not obliged to reimburse Columbia for the costs incurred in its defense. Counsel for Consolidated shall submit an appropriate judgment within fifteen days of the signed date of this Ruling.

---

* All other claims in this case have been settled. Any argument that no negligence was finally or legally proved on the part of Columbia ergo indemnity is owed is not well taken. "Whether a party is obliged to *tender* a defense to another party depends entirely upon the allegations in the precipitating *pleadings*." *Sullen, supra,* at 433 and cases cited therein. (emphasis added). A final determination is not necessary.