Gary M. RIGBY

v.

TENNECO OIL COMPANY.

Civ. A. No. 84–4107.

United States District Court,
E.D. Louisiana.

April 29, 1985.

Richard Sabalot of Johnson & McAlpine, New Orleans, La., for Houma Industries.

Guy Wall, New Orleans, La., for Tenneco Oil Co.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court upon motion of third party defendant Houma Industries Inc. for summary judgment, as to the claim of Tenneco Oil Co., as third party plaintiff, for indemnity from Houma Industries. Houma Industries claims the Louisiana Oilfield Indemnity Act of 1981, La.Rev.Stat.Ann. § 9:2780 (West Supp. 1985) ["Indemnity Act"] bars Tenneco's indemnity claim. For the reasons set forth below, the motion for summary judgment is granted to the extent that Houma Industries will not be required to defend and indemnify Tenneco from Tenneco's negligence or other fault, should Tenneco be found solely or concurrently negligent or at fault herein. In all other respects, the motion is denied.

Plaintiff herein was allegedly injured on or about August 21, 1983, when struck from behind by a fallen handrail on Tenneco's platform on the outer continental shelf. At the time, plaintiff was employed by Houma Industries, and the parties have stipulated he was working under a specific work order dated July 21, 1983.

There were in effect at all relevant times two general contracts between Houma Industries and Tenneco. The first is a "Master Work or Service Contract" dated March 21, 1980; the second is a "Blanket Contract" dated February 16, 1981. The express intent of the Blanket Contract is to govern fabrication and installation work performed by Houma Industries for Tenneco, with the Master Contract to govern all other work performed by Houma Industries for Tenneco. It is not clear from the record under which of the two contracts the work order of July 21, 1983 was issued. The parties have stipulated, however, and this Court agrees, that the substantial similarity of the indemnity provisions in the two contracts makes determination of the applicable contract unnecessary.

The indemnity provisions at issue are reciprocal, providing each contracting party is liable for personal injuries sustained by its own employees, regardless of fault. Houma Industries is further obligated to obtain certain insurance coverages, with Tenneco named as additional insured and waiver of subrogation against Tenneco.

The contracts and work order at issue fall within the purview of the Indemnity Act; the execution of the "Master" and "Blanket" contracts prior to the effective date of the Act does not preclude its application, where as here, the contracts did not specify "terminable performance of a specific job or activity". *See id.* § 9:2780(I); *Home Ins. Co. v. Garber Indus., Inc.*, 588 F.Supp. 1218, 1222 (W.D.La. 1984); *Tobin v. Gulf Oil Corp.*, 535 F.Supp. 116, 117 (E.D.La.1982). However, Tenneco furthers two additional arguments to prevent application of the Act in this case.

First, Tenneco contends even if the Act should apply, it will at most bar Tenneco's indemnity from its own negligence. Tenneco does not contest that if applicable, the Indemnity Act would void that aspect of the indemnity agreement between Houma Industries and Tenneco calling for indemnity from Tenneco's negligence. The Court agrees that the Indemnity Act voids only the obligation to indemnify Tenneco for Tenneco's negligence or fault and does not in itself bar Tenneco's action for contractual indemnity against Houma Industries for Houma's fault. *See Home Ins. Co. v. Garber Indus., Inc.*, 588 F.Supp. 1218, 1222–23 (W.D.La.1984).

The more difficult question is whether federal law permits the types of contractual indemnity sought by Tenneco. This issue arises in light of the Outer Continental Shelf Lands Act ["OCSLA"], 43 U.S.C. § 1333(a)(2)(A) (West Supp.1983), which provides state law is applicable to

resolve controversies arising on the outer continental shelf in the absence of conflicting federal law. Tenneco urges that federal law permits the full extent of contractual indemnity it seeks, and that application of conflicting state law prohibiting indemnity agreements is barred by OCSLA.

In support of this argument, Tenneco cites *Pippen v. Shell Oil Co.*, 661 F.2d 378 (5th Cir.1981) (court dismissing indemnity claims by drill barge owner and barge charterer against employer in respect of 1977 accident). The issue there arose whether the Longshoremen's and Harbor Workers' Compensation Act ["LHWCA"], 33 U.S.C. § 905 (now amended by Public Law 98–426, 98 Stat. 1639 (Sept. 28, 1984)), prohibited indemnity from Pippen's employer. The LHWCA is of course incorporated into the OCSLA be reference. *See* 43 U.S.C. § 1333(b) (West Supp.1983).

For purposes of this ruling, the relevant aspect of the *Pippen* decision is dicta that section 5(a) of the LHWCA never proscribed contractual indemnity from an employer and that section 5(b) of the LHWCA never clearly proscribed contractual indemnity actions by vessel owners against stevedore/employers and should not be extended to prohibit contractual indemnity by non-vessel owners. *See* 661 F.2d at 386–87 & n. 14. Tenneco finds this interpretation of federal law confirmed by recent amendments to the LHWCA affording vessel owners the right to enforce reciprocal contractual indemnity agreements with employers of individuals entitled to receive LHWCA benefits by virtue of section 4 of the OCSLA. *See* Public Law 98–426, 98 Stat. 1639 (Sept. 28, 1984) (amending 33 U.S.C. § 905 by adding a new subsection (c)).

This Court agrees with the distinction between tort indemnity from an employer and contractual indemnity from an employer, whether for the employer's own negligence or for another's negligence. *See Pippen v. Shell Oil Co.*, 661 F.2d 378,

386–87 & n. 14 (5th Cir.1981). *See also ODECO v. Berry Bros. Oilfield Serv., Inc.*, 377 F.2d 511, 514–15 (5th Cir.), cert. denied 389 U.S. 849, 88 S.Ct. 102, 19 L.Ed.2d 118 (1967) (dicta; employer may have liability for indemnity by contract); *Hamilton v. Mesa Petrol. Co.*, 495 F.Supp. 718 (E.D.La.1980) (no contract of indemnity found); *Holden v. Placid Oil Co.*, 473 F.Supp. 1097 (E.D.La.1979) (court analyzing whether all types of tort indemnity prohibited by LHWCA); *Fontenot v. Monsanto Co.*, 363 So.2d 1309 (La.App. 4th Cir.1978) (court holding Louisiana Compensation Act, La.Rev.Stat.Ann. § 23:1032, does not bar contractual indemnity). *But see Voisin v. ODECO Drilling Co.*, 744 F.2d 1174 (5th Cir.1984), cert. denied — U.S. ——, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985) (court holding contractual indemnity barred by 905(b), but obligation to name and waive not barred).

Accordingly, the Court does not find contractual indemnity of the type here at issue expressly prohibited by the LHWCA. Neither, however, is such indemnity expressly permitted, for in this Court's view, the recent LHWCA amendment is not applicable to this case. The amendment merely upholds contractual indemnity in agreements in respect of vessels and thus provides for interpretation of certain contracts in respect of vessels consistent with other maritime contracts to which the Indemnity Act has been thought inapplicable.[*] In such cases, the OCSLA would prevent application of the Indemnity Act, in light of a conflicting provision of federal statutory law. However, the facts of this case do not require application of the amendment, and federal law must first be applicable before a potential conflict need be considered under OCSLA. *See Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969).

Nor does the Court construe *Pippen* to permit the full extent of indemnity sought by Tenneco. Apart from the question of

---

[*] *See Cason v. Diamond M. Drilling Co.*, 436 So.2d 1245, 1253 (La.App. 4th Cir.), cert. denied 441 So.2d 1221 (La.1983). *See generally* Note, Contractual Indemnity Under Maritime & Louisiana Law, 43 La.L.Rev. 189 (1982).

the continued vitality of *Pippen* in light of *Herb's Welding, Inc. v. Gray*, —— U.S. ——, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1985), the *Pippen* decision is distinguishable in that it predates the Indemnity Act. Thus, the decision suggests only that the LHWCA does not address contractual indemnity in favor of nonvessel owners, and there was no suggestion that contractual indemnity might be otherwise prohibited, as it now is under the Louisiana Indemnity Act.

Accordingly, Louisiana law is applicable to "fill the gap" with regard to the propriety of contractual indemnity as to nonvessel owners' activities on a fixed platform on the Outer Continental Shelf. *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981) (court not reaching question whether previously established federal common law under *Liepelt* applicable instead of state law, where no conflict shown); *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) (creation of federal common law of laches inappropriate where Louisiana law of prescription applicable under the OSCLA). Federal courts are not required to create federal common law to resolve legal questions arising from activities on a fixed platform. *Cf. Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 357–58, 89 S.Ct. 1835, 1838, 23 L.Ed.2d 360 (1969) (Court quoting Senate Committee report on intent of OCSLA that state law used when federal statutes or regulations are inapplicable); *Frazier v. Columbia Gas Dev. Corp.*, 596 F.Supp. 429 (W.D.La. 1984) (state law inapplicable under OSCLA only when ousted by federal *statutory* law).

Nor must this Court address any conflict between state law and general maritime law of indemnity. It is well settled that maritime law is not applicable to fixed platforms on the outer continental shelf. *See Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969); *Laredo Offshore Constr. Inc. v. Hunt Oil Co.*, 754 F.2d 1223 (5th Cir.1985). *Cf. Herb's Welding, Inc. v. Gray*, —— U.S. ——, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1985)

(Court holding welder working on fixed platform within three mile limit not engaged on maritime employment; Court observing exploration and development of resources on continental shelf not maritime).

Thus, in determining the limits of contractual indemnity in this case, the Court finds it appropriate to apply the Indemnity Act, as it perceives no conflicting applicable federal law with regard to a platform owner's right to seek indemnity. Neither the recognition afforded indemnity agreements under general maritime law nor the LHWCA's recent endorsement of reciprocal indemnity agreements in respect of vessels prevents application of the Indemnity Act in this case. However, application of the Indemnity Act will serve to nullify only the obligation to indemnify Tenneco from Tenneco's negligence or other fault if Tenneco is found to be solely or concurrently negligent or otherwise at fault in this matter. Movant has not established a legal basis under state law or otherwise to void the obligation to indemnify Tenneco for Houma's own fault.

Houma Industries also requests a ruling nullifying the provisions of the contracts at issue requiring Houma to name and waive Tenneco on certain insurance policies. The insurance scheme stands or falls with the indemnity provisions, *see* La.Rev.Stat.Ann. § 9:2780(G), but in light of the Court's ruling on the indemnity provisions, the scheme falls only insofar as Tenneco seeks coverage for its own fault under the insurance obtained by Houma Industries.