**Warren HEATH**

v.

**SUPERIOR OIL COMPANY, et al.**

**Civ. A. No. 83-3139.**

United States District Court, W.D. Louisiana, Lake Charles Division.

Aug. 22, 1985.

Lucius A. Hornsby, Jr., Hornsby & Landry, Lafayette, La., for plaintiff.

Dan LeFort, New Orleans, La., and Matthew J. Hill, Jr., Andrew J. Gates, III, Dotson, Babcock & Scofield, Lafayette, La., for defendants Superior Oil Co.

Cliffe E. Laborde, Laborde & Lafargue, Lafayette, La., for Wire-Tech Services, Inc. and North-West Ins. Co.

## RULING

VERON, District Judge.

This matter comes before the Court on cross-motions for summary judgment concerning the cross-claim of Superior Oil Company against Wire-Tech Services, Inc. for contractual and tort indemnity. Superior seeks summary judgment in its favor on its cross claim for contractual indemnity and Wire-Tech seeks summary judgment in its favor dismissing Superior's claims for both tort and contractual indemnity. The plaintiff initially sought recovery from Superior and Wire-Tech under the Jones Act. It is now well-established on the record, however, that Heath was injured while assigned to and engaged in his employment on a fixed offshore platform located on the Outer Continental Shelf off the coast of Louisiana. The Court has therefore dismissed the Jones Act claims, giving the plaintiff leave to amend his complaint to more fully state claims under general maritime and Outer Continental Shelf law.

■ Superior seeks contractual defense and indemnity pursuant to a work order which incorporates the terms of an earlier master service agreement, which provides for indemnification of Superior against, *inter alia*, its own sole or concurrent negligence. Wire-Tech opposes Superior's claim for contractual defense and indemnity on the ground that the claim is barred by the Louisiana Oilfield Anti-Indemnity Act, La.R.S. 9:2780. Most of Superior's challenges to full application of section 2780 in this case can be disposed of quickly as a preliminary matter. Superior first contends that the Act is inapplicable on the Shelf because it is inconsistent with the federal common law rule enunciated in *United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). This Court has rejected similar arguments in *Moser v. Aminoil U.S.A., Inc.*, 618 F.Supp.

774, 776–77 (W.D.La.1985), and *Hebert v. Kerr-McGee Corporation*, 618 F.Supp. 767, 771–72 (W.D.La.1985). Superior's contention that maritime law will govern the indemnity claim if Heath suffered a maritime injury is unfounded as a matter of law. Maritime law applies to a contractual indemnity claim only if the indemnity obligation is contained within a maritime contract or arises out of the performance of a separable maritime obligation in a mixed contract. *Hale v. Co-Mar Offshore Corp.*, 588 F.Supp. 1212, 1214–15 (W.D.La.1984); *Home Insurance Company v. Garber Industries, Inc.*, 588 F.Supp. 1218, 1220–21 (W.D.La.1984). Superior can demonstrate neither ground for the application of maritime law in this case because only nonmaritime services are involved here. *Cf. Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223, 1231–32 (5th Cir. 1985) (although the offshore platform construction contract may have incorporated maritime obligations, maritime law did not apply to the claims before the court because they arose out of the alleged breach of nonmaritime obligations under the contract). Superior also contends that, if section 2780 does apply here, that it does not mandate complete dismissal of Superior's claim for contractual defense and indemnity. As the plaintiff's precipitating pleadings allege concurrent negligence on the part of Superior and Wire-Tech, and as the Act does not permit defense and indemnity upon such facts, the claim for contractual defense and indemnity must fall *in toto* if section 2780 is applicable. *Moser*, 618 F.Supp. at 780–81.

██ The only issue remaining before the Court is whether section 2780 is inapplicable on the Outer Continental Shelf on the ground that it is inconsistent with section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905. Under the Outer Continental Shelf Lands Act, the laws of the adjacent state are applicable on the Shelf "[t]o the extent that they are applicable and not inconsistent with [OCSLA] or with other Federal laws and regulations of the Secretary [of the Interior]." 43 U.S.C. § 1333(a)(2)(A). Superior first contends that section 2780 is inapplicable on the Shelf because it is inconsistent with the 1984 amendment to section 5 of LHWCA, 33 U.S.C. § 905. Section 5 of the Longshore and Harbor Workers' Compensation Act Amendments of 1984 amends section 5 of the Act to add a new subsection (c), which reads as follows:

> In the event that the negligence of a vessel causes injury to a person entitled to receive benefits under this chapter by virtue of section 1333 of Title 43, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel in accordance with the provisions of subsection (b) of this section. Nothing contained in subsection (b) of this section shall preclude the enforcement according to its terms of any reciprocal indemnity provision whereby the employer of a person entitled to receive benefits under this chapter by virtue of section 1333 of Title 43 and the vessel agree to defend and indemnify the other for cost of defense and loss or liability for damages arising out of or resulting from death or bodily injury to their employees.

33 U.S.C. § 905(c).

Any inconsistency between section 2780 and this provision is of no avail to Superior. Under section 28(c) of the amending act, the amendment contained in section 5 of the 1984 act applies only "with respect to any injury after the date of enactment of this Act." Heath alleges that his injury occurred on December 15, 1982, which is well before the effective date of the 1984 amendments, September 28, 1984. Section 905(c) does not apply retroactively and it is therefore without effect in this case. In any event, to the extent that Heath seeks recovery from Superior as the owner and operator of a vessel, section 905(c) would be inapplicable here because Wire-Tech's indemnity agreement with Superior is not a reciprocal one.

Superior also urges that section 2780 is inconsistent with the LHWCA because sec-

**36**

tion 905(a) does not bar indemnity agreements between LHWCA employers and platform operators. *Cf. Olsen v. Shell Oil Co.*, 595 F.2d 1099, 1103 (5th Cir.1979) (section 905 does not bar an employer's agreement to indemnify the platform owner for injuries arising from the *employer's* negligence). Yet the mere fact that the LHWCA does not prohibit indemnity agreements in general does not necessitate the conclusion that section 905(a) precludes resort under the Lands Act to adjacent state laws prohibiting certain types of indemnity agreements. Congress has not yet spoken in the LHWCA to the specific question of whether platform owners should be permitted to contract with employers for indemnity against the platform owners negligence. With the current statutory backdrop, what would be needed in this regard would be an express authorization of such agreements with the intent to displace contrary state law rules. *Cf.* H.R.Conf.Rep. No. 98–1027, 98th Cong., 2d Sess. 23 (1984), U.S.Code Cong. & Admin.News 1984, pp. 2734, 2773, ("The [Senate] bill [which was not adopted] would legalize ... indemnity agreements [proscribed by § 905(b)] insofar as they apply to the Outer Continental Shelf and would further preempt the application of state laws prohibiting such indemnity agreements.") In the absence of such legislative action, section 2780 is not inconsistent with federal law under the LHWCA insofar as the state act prohibits the agreement of an employer to indemnify a platform owner against the consequences of the platform owner's negligence. *Accord Rigby v. Tenneco Oil Co.*, 607 F.Supp. 1247 (E.D.La.1985).

For the foregoing reasons, the Court concludes that Superior's claim for contractual defense and indemnity from Wire-Tech is barred by section 2780. Genuine issues of material fact remain, however, as to Superior's claim for tort indemnity. Accordingly, the motion by Superior Oil Company for summary judgment in its favor on its cross-claim for contractual defense and indemnity from Wire-Tech Services, Inc. is DENIED, and the motion of Wire-Tech Services, Inc. for summary judgment in its favor

dismissing the cross-claim of Superior Oil Company is GRANTED IN PART, such that it is entitled to dismissal of the claims for contractual defense and indemnity, and is DENIED in all other respects.