Paul ALEXANDER

v.

CHEVRON USA, INC., et al.

Civ. A. No. 84–2398.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Dec. 4, 1985.

Jennifer Jones Bercier, Jones, Jones & Alexander, Cameron, La., for plaintiff.

W. Richard House, George B. Jurgens, III, and Gerald J. Sonnier, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for defendant, Chevron USA.

Michael T. Pulaski and C.G. Norwood, McGlinchey, Stafford, Mintz, Cellini and Lang, New Orleans, La., for Solar Turbines, Inc.

James B. Doyle, Woodley, Barnett, Williams, Fenet & Palmer, Lake Charles, La., for John H. Carter Co., Inc.

William M. Nolen, Jones, Tete, Nolen, Hanchey, Swift & Spears, Lake Charles, La., for TK Valve & Mfg. Co.

Earl S. Eichin, Jr. and Randall E. Treadaway, O'Neil, Eichin & Miller, New Orleans, La., for Hydril Co.

St. Paul Bourgeois, IV, and John H. Hughes, Allen, Gooch, Bourgeois, Breaux & Robison, Lafayette, La., for intervenor.

### RULING ON MOTION OF THIRD PARTY DEFENDANTS FOR SUMMARY JUDGMENT

VERON, District Judge.

Paul Alexander was allegedly injured as a result of a compressor explosion which

occurred while he was working for Champion Oil & Gas on an offshore drilling platform owned by Chevron U.S.A. and located on the outer Continental Shelf adjacent to the State of Louisiana. Alexander's employer, Champion, had contracted with Chevron "[t]o furnish labor and necessary equipment to work offshore as assigned." Alexander brought this action against Chevron alleging negligent maintenance and supervision of the platform, and strict liability under Louisiana Civil Code Articles 2317 and 2322, and also against the distributor and manufacturers of the compressor and its component parts. Chevron thereafter filed the instant third-party complaint against Champion and its insurers contending that Champion is obligated to indemnify and defend Chevron pursuant to the contract in effect between them, and further alleging indemnity and/or contribution on the basis of Champion's tortious negligence and breach of an implied warranty of workmanlike performance.

Third-party defendants, Champion and its insurers (North River Insurance Co., U.S. Fire Insurance Co., and International Surplus Lines Insurance Co.) [hereinafter collectively referred to as "Champion"], have now filed for summary judgment on the grounds that (1) Chevron's claims of tortious negligence and breach of an implied warranty of workmanlike performance are nullified by the exclusivity provision set forth in 33 U.S.C. § 905(a), and (2) the indemnity provision of the contract in effect between the parties is null and void in accordance with the Louisiana Oilfield Anti-Indemnity Act, LRS 9:2780. Adhering to the line of authority set down in the Lake Charles Division of the Western District of Louisiana, the Court finds Champion's contentions to be meritorious.

**1.** 43 U.S.C. § 1331 *et seq.*

**2.** 33 U.S.C. § 905(a) provides in pertinent part as follows:

The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of

## I.

Paragraph 10 of Chevron's third-party complaint seeks indemnity and/or contribution from Champion (1) on the basis of Champion's alleged negligence and (2) because Champion supposedly breached its implied warranty of workmanlike service incident to the "service order" in effect between the parties. As the plaintiff's alleged injury was sustained while he was located on Chevron's platform on the outer Continental Shelf adjacent to the Louisiana coast, the Outer Continental Shelf Lands Act[1] and Louisiana State law therefore govern the present dispute. *See, e.g., Mills v. Zapata Drilling Co.,* 722 F.2d 1170, 1174 (5th Cir.1983).

The Outer Continental Shelf Lands Act [OCSLA] provides that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, governs compensation "[w]ith respect to disability or death of an employee resulting from any injury occurring as the result of operations conducted on the outer Continental Shelf...." 43 U.S.C. § 1333(b); *Longmire v. Sea Drilling Corp.,* 610 F.2d 1342 (5th Cir.1980). As such, the exclusivity provision set forth in 33 U.S.C. § 905(a)[2] "effectively abrogates any independent tort liability of the employer [Champion] to its employee[ ] [Alexander], thereby eliminating any basis which may have existed for indemnification [and/or contribution] on a tort theory." *ODECO v. Berry Bros.,* 377 F.2d 511, 514–15 (5th Cir.1967), *cert. denied* 389 U.S. 849, 88 S.Ct. 102, 19 L.Ed.2d 118 (1967); *see also Foreman v. Exxon Corp.,* 770 F.2d 490, 494 (5th Cir.1985); *Peters v. North River Ins. Co.,* 764 F.2d 306, 310 (5th Cir.1985). Moreover, the law is established that no warranty of work-

kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death
....

Chevron's memorandum cites cases applying 33 U.S.C. § 905(b), which is irrelevant in the case at bar as § 905(b) concerns the negligence of vessels.

manlike performance will be implied to support indemnity claims when work is performed and an injury is suffered on a fixed drilling platform. *See, e.g., Holden v. Placid Oil Co.*, 473 F.Supp. 1097 (E.D.La. 1979). Those claims set forth in Paragraph 10 of Chevron's third-party complaint therefore must fail as a matter of law.

## II.

■ The Court thus turns to the more problematic issue of whether the contract between Chevron and Champion can validly require Champion to indemnify and/or defend Chevron with regard to plaintiff's claims in light of the application of the Louisiana Oilfield Anti-Indemnity Act [3] to the case at bar. The "Service Order and Agreement" in effect between the parties on the date of plaintiff's alleged injury included the following language:

> Contractor [Champion] agrees to defend and hold Company [Chevron] indemnified and harmless from and against any loss, expense, claim or demand for:

> (a) injury to or death of Contractor's employees, or for damage to or loss of Contractor's property in any way arising out of or connected with the performance by Contractor of services hereunder; and

(b) injury to or death of third persons or the employees of Company, or for damage to or loss of property of Company or of third persons in any way arising out of or connected with the performance by Contractor of services hereunder, unless caused solely by the negligence of Company; provided that if such injury, death, damage or loss is caused by the joint or concurrent negligence of Contractor and Company, each shall be liable for one-half of the loss, expense, claim or demand resulting therefrom.

The law is well-established that the Louisiana Oilfield Anti-Indemnity Act ["OAIA"] applies where, as here, the incident giving rise to the complaint occurred on a stationary drilling platform on the outer Continental Shelf adjacent to the State of Louisiana.[4] *See Mills, supra* at 1174; *Moser v. Aminoil U.S.A., Inc.*, 618 F.Supp. 774 (W.D.La.1985). The federal district courts of Louisiana are divided, however, as to the *extent* to which the OAIA serves to invalidate an indemnity agreement.

The OAIA provides that an oilfield agreement "is void and unenforceable *to the extent* that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages ... caused by or result[ing] from the sole or concurrent negligence or fault

---

3. LRS 9:2780.

4. 43 U.S.C. § 1333(a)(2)(A) provides that "[T]o the extent that they are applicable and not inconsistent with ... Federal laws ... the civil and criminal laws of each adjacent State ... are declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf...." This Court has previously examined the issue as to whether there is an impermissible inconsistency between the OAIA and the rule set forth in *United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970) that the "federal common law" governing contracts entered into by the United States allows an indemnitee to recover against its indemnitor for claims arising from the indemnitee's own negligence. *Hebert*

*v. Kerr-McGee Corp.*, 618 F.Supp. 767 (W.D.La. 1985). As in *Hebert*, this Court simply observes *Seckinger* is not itself applicable to purely private contracts on the Shelf and that, in any event, the phrase "other Federal laws" in section 1333(a)(2)(A) refers not to federal common law but instead to federal *statutory* law. *Id.* As such, the rule of federal common law in *Seckinger* does not invalidate the application of the Louisiana OAIA to indemnity agreements operating on the outer Continental Shelf adjacent to Louisiana. Neither does anything in the OCSLA prohibit the application of the OAIA to the case at bar. *See Rigby v. Tenneco Oil Co.*, 607 F.Supp. 1247 (E.D.La.1985). Because the case at bar involves an alleged injury which occurred on a fixed platform, the Court need not address the effect of 33 U.S.C. § 905(c) as potentially being inconsistent with the OAIA insofar that it provides for reciprocal indemnities.

(strict liability) of the indemnitee...."[5] While it is clear that no defense or indemnity is owed where the indemnitee is at least partially at fault, the issue upon which the federal district courts of Louisiana have become divided is essentially whether or not the OAIA prohibits the indemnitor from being obliged to pay the costs of defense if the indemnitee is ultimately found free from fault by the trier of fact. In *Aucoin v. Pelham Marine, Inc.*, 593 F.Supp. 770 (W.D.La.1984), Senior District Judge Hunter held that if the OAIA is applicable, not only are the indemnity provisions of the contract invalidated, but any duty to defend is also nullified and the indemnitor owes no duty to defend the indemnitee. *Id.* at 776–77. This Court has subsequently followed and embellished this rationale in the case of *Moser v. Aminoil, U.S.A., Inc.*, 618 F.Supp. 774 (W.D.La. 1985). Other federal district courts, however, have ruled in accordance with *Home Insurance Co. v. Garber Industries, Inc.*, 588 F.Supp. 1218 (W.D.La.1984), wherein Judge Shaw held that the OAIA nullified the indemnity agreements to the extent that they purported to require the indemnitors to indemnify and defend the indemnitees against the consequences of the indemnitees' own negligence, *but* that the indemnitees would yet be entitled to the costs of defense if the jury subsequently found that the indemnitees were not negligent and were free from fault. *Id.* at 1222–23. Under this line of reasoning, a factual question as to the existence or absence of Chevron's sole or concurrent negligence or fault would preclude summary judgment in the case at bar. *See Loudermilk v. Chevron U.S.A., Inc.*, No. 84–0257, slip op. at 3, (W.D.La. March 13, 1985);[6] *Nesom v. Chevron U.S.A., Inc.*, No. 83-

5298, slip op. at 12–16 (W.D.La. Dec. 20, 1984).

With all due respect to my brothers, this Court finds their reliance upon *Home Insurance Co.* to be misplaced in light of two subsequent decisions by the Fifth Circuit Court of Appeals. Under *Sullen v. Missouri Pacific Railroad Co.*, 750 F.2d 428 (5th Cir.1985) and *Laird v. Shell Oil Co.*, 770 F.2d 508 (5th Cir.1985), the indemnitor has no obligation to provide indemnity for defense costs of an action in which the complaint alleges no facts that, if proved, would establish liability on the part of the indemnitor. The "new rule" for interpreting indemnity provisions incorporated in contracts governed by Louisiana law, recognized only after the decision in *Home Insurance Company* had been rendered, is explained as follows:

> Louisiana law is definite and certain. Whether a party is obliged to tender a defense to another party depends entirely upon the allegations in the precipitating pleadings.... In determining whether an indemnitor or an insurer is obligated to defend an indemnitee or insured under the terms of an indemnity or insurance contract, the Louisiana courts look exclusively to the pleadings in light of the contract provisions; the ultimate outcome of the case has no effect upon the duty to defend. *Laird, supra* at 511, citing *Sullen, supra* at 433. *See American Home Assurance Co. v. Czarniecki*, 255 La. 251, 230 So.2d 253 (1969); *see also Sullivan v. Hooker Chem. Co.*, 370 So.2d 672 (La.Ct.App.1979).

Thus, if the OAIA serves to nullify any obligation of Champion to indemnify Chevron, it likewise will serve to invalidate any duty to defend, *Aucoin, supra* at 776, provided that the plaintiff's precipitating

---

**5.** LRS 9:2780B (emphasis added).

**6.** Judge Duhe, aligning himself with Judge Shaw and citing *Home Insurance Co., supra*, stated: "Since there is a question of fact as to whether Crown or Chevron was at fault in the facts at bar, it would be inappropriate to render summary judgment at this time, as a finding that

Crown was at fault would result in the upholding of the indemnification clause [and require the indemnitor to reimburse Chevron for the costs of defending the suit]." *Loudermilk, supra*, at ——.

pleadings allege facts that, if proven, would establish Chevron's liability. *See Laird, supra* at 511–12.[7] Contrary to the holdings of *Home Insurance Co.* and its progeny, the ultimate outcome of the case therefore will have no effect upon the duty to defend. *Laird, supra* at 511–12; *Sullen, supra* at 433–34; *Moser, supra; see also Frazier v. Columbia Gas Development Corp.,* 596 F.Supp. 429 (W.D.La. 1984), *rev'd on reconsideration* 605 F.Supp. 200 (W.D.La.1985).[8]

In the case at bar, Alexander's complaint alleges that Chevron was negligent in its maintenance and supervision of the platform, that Chevron is strictly liable pursuant to Louisiana Civil Code Articles 2317 and 2322, and furthermore alleges negligence and/or strict liability on the part of the manufacturer and the distributor of the compressor which exploded, and negligence and/or strict liability on the part of various component part manufacturers. The OAIA disallows Champion from defending or indemnifying Chevron for its sole or concurrent negligence or fault. In light of the precipitating pleadings, there is clearly no basis upon which Champion could be required to indemnify and/or defend Chevron under the agreement in effect between them, and Chevron's claim for contractual indemnity must therefore fail *in toto. See Laird, supra* at 512; *Moser, supra; Frazier, supra.*

■ The Court rejects Chevron's contentions that the OAIA violates the Equal Protection Clause of the United States Con-

stitution as well as the prohibition against "special laws" found in Article III § 12 of the Louisiana State Constitution. The arguments presented by Chevron were fully explored and rejected by Judge Collins of the Eastern District of Louisiana in *Bryant v. Platform Well Service, Inc,* 563 F.Supp. 760 (E.D.La.1983), and this Court fully adopts his analysis. *See Aucoin, supra* at 776.

Accordingly, the motion of third-party defendants, Champion Oil & Gas, North River Insurance Company, U.S. Fire Insurance Company and International Surplus Lines Insurance Company, for summary judgment as to the third-party complaint of Chevron is GRANTED.

---

**7.** *Laird* and *Sullen* would subject this rule to the exception that indemnity may be owed if the agreement between the parties specifically provides for "costs of defense" as a separate item of indemnification. *Laird, supra* at 511–12; *Sullen, supra* at 433–34. Even if such a provision were present in the case at bar, however, the OAIA would nullify its application in accordance with the Act's explicit purpose "to declare null and void and against public policy of the State of Louisiana any provision in any agreement which requires *defense* and/or indemnification...." LRS 9:2780A (emphasis added).

**8.** In *Frazier,* Judge Scott had originally ruled in accordance with *Home Insurance Co.* in finding

that the contractor could be required to indemnify and defend the platform owner to the extent that the agreement covered claims that were not caused by the negligence or fault of the platform owner. *Frazier v. Columbia Gas Development Corp.,* 596 F.Supp. 429 (W.D.La. 1984). After the Fifth Circuit rendered its decision in *Sullen,* however, Judge Scott reconsidered the matter and held that the contractor was not required to indemnify or defend the platform owner, and was not obliged to reimburse it for the costs incurred in its defense. *Frazier,* 605 F.Supp. at 201, citing *Sullen, supra.*