79 F.3d 20
 Mark WAGNER, Plaintiff,
v.
McDERMOTT, INC., Defendant-Third-Party-Plaintiff-Appellant,
v.
CAPITAL WELDING & FABRICATION, INC.; Landry Enterprises,
Inc. of Morgan City; Commercial Union Insurance
Co.; Storebrand Insurance Co., U.K.
Ltd., Third Party Defendants-Appellees,
and
Storebrand International U.K. Ltd.; Aetna Casualty & Surety
Co., Third Party Defendants.
 No. 95-30163.
 United States Court of Appeals,
Fifth Circuit.
 March 29, 1996.
 
 Thomas R. Edwards, Lafayette, LA, for plaintiff.
 James B. Doyle, Kevin Louis Camel, Woodley, Williams, Fenet, Boudreau, Norman & Brown, Lake Charles, LA, for McDermott, Inc. and Storebrand Intern. U.K. Ltd.
 Thomas J. Eppling, Metairie, LA, Valerie Anne Young, Metairie, LA, for Capital Welding & Fabrication, Inc., Landry Enterprises, Inc. of Morgan City and Aetna Cas. & Sur. Co.
 Gary P. Kraus, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara and Abell, Lafayette, LA, for Commercial Union Ins. Co. and Storebrand International U.K. Ltd.
 Patrick John Hanna, Lafayette, LA, for Storebrand Intern. U.K. Ltd.
 James Clayton Davie, Jr., McAlpine, Peuler, Cozad and Davie, New Orleans, LA, Spiro J. Verras, New Orleans, LA, for Storebrand Ins. Co., U.K. Ltd.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before REYNALDO G. GARZA, JOLLY and DUHE, Circuit Judges.
 DUHE, Circuit Judge:
 
 
 1
 McDermott, appellant/third-party plaintiff, appeals from a judgment dismissing its third-party claims for contractual indemnity against Appellees. The district court in a cogent and well reasoned opinion entered judgment against McDermott because its claims are barred by the Louisiana Oilfield Indemnity Act.[1] Wagner v. McDermott, Inc., 899 F.Supp. 1551 (W.D.La.1994). We affirm.
 
 BACKGROUND
 
 2
 McDermott was hired to construct an offshore platform located on the outer Continental Shelf. McDermott hired Capital Welding & Fabrication, Inc. (Capital) to do welding on the platform. Capital dispatched welders on loan from Landry Enterprises, Inc. (Landry) to the worksite. McDermott provided a barge on which the welders were housed and fed. Mark Wagner, one of the Capital/Landry welders, sued McDermott under the Jones Act,[2] general maritime law and § 905(b) of the Longshore and Harbor Workers' Compensation Act (LHWCA)[3] after he slipped and fell aboard the barge. The district court found that Wagner was not a seaman and Wagner settled his claims.
 
 
 3
 During the litigation with Wagner, McDermott filed third-party claims against Capital and Landry (and their insurers) seeking indemnity under their nearly identical contracts with McDermott. The district court ruled that McDermott's claims are barred by the Louisiana Act because the McDermott-Capital/Landry contract is not maritime and § 905(c) of the LHWCA does not apply to McDermott's contractual claims. The district court also found that state law applies even if § 905(c) applies because the Louisiana Act is not inconsistent with § 905(c).
 
 DISCUSSION
 
 4
 The parties do not dispute that if Louisiana law applies to McDermott's claims, the claims are barred under the Louisiana Act. McDermott argues that maritime law, which enforces indemnity provisions barred by the Louisiana Act, governs the dispute because its contract with Capital/Landry is a maritime contract.[4] We adopt Judge Doherty's thorough analysis and holding that the contract is non-maritime in nature. Wagner, 899 F.Supp. at 1554-55 ("Nature of the Contract"). Since the contract is non-maritime, maritime law does not apply. Hollier v. Union Texas Petroleum Corp., 972 F.2d 662 (5th Cir.1992).
 
 
 5
 McDermott contends that § 905(c) of the LHWCA governs the dispute to the exclusion of state law. Appellees, on the other hand, argue that Louisiana law applies either as the law of the adjacent state by default, or through the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1333 (1986), which incorporates state law as surrogate federal law if state law is not inconsistent with applicable federal law. If the OCSLA does not apply, Louisiana law governs the dispute. See Domingue v. Ocean Drilling and Exploration Co., 923 F.2d 393 (5th Cir.1991). But as the district court points out, authority exists for both the applicability and non-applicability of the OCSLA to this dispute. Wagner, 899 F.Supp. at 1556. Like the district court, we do not decide whether the OCSLA applies. We assume without deciding that the OCSLA applies and makes the LHWCA applicable to Wagner's claim. The LHWCA is a workers' compensation scheme for certain workers engaged in maritime employment. Additionally, LHWCA coverage extends to workers engaged in the production of natural resources on the outer Continental Shelf through § 1333(b) of the OCSLA. We hold, however, that the McDermott-Capital/Landry contract is not governed by § 905(c) of the LHWCA.
 
 
 6
 The LHWCA codifies a negligence cause of action in favor of covered workers against a negligent vessel that causes injury. 33 U.S.C. § 905(b) (1986). When a non-OCSLA worker brings an action for vessel negligence, any indemnity agreements between the worker's employer and the vessel in favor of the vessel are void. Id. If the plaintiff is an OCSLA worker, the proscription of 905(b) is removed to the extent that the indemnity provisions are reciprocal and are between the employer and a vessel.[5] 33 U.S.C. § 905(c) (1986).
 
 
 7
 Both the 905(b) proscription and 905(c) exception to the proscription apply by their very terms only to agreements between employers and vessels. The LHWCA defines "vessel" as the actual vessel and its "owner, owner pro hac vice, agent, operator, charter[er] or bare boat charterer, master, officer, or crew member." 33 U.S.C. § 902(21). Here, Wagner was injured on a vessel owned by McDermott. Therefore, McDermott argues, its contract is enforceable under § 905(c) because McDermott is a vessel as defined by the LHWCA and has a reciprocal indemnity agreement with Wagner's employer.
 
 
 8
 This Circuit has clearly stated, however, that neither 905(b) nor 905(c) proscribe non-vessel related indemnity agreements. Knapp v. Chevron USA, Inc., 781 F.2d 1123 (5th Cir.1986); Doucet v. Gulf Oil Corp., 783 F.2d 518 (5th Cir.1986). In Knapp, an employee of a contractor sustained injuries when he fell from a safety net attached to an offshore platform. The employee sued the platform owner who filed a third-party claim for contractual indemnity against the contractor. The platform owner prevailed in the trial court but lost on appeal because the indemnity agreement was void under the Louisiana Act. The court explained:
 
 
 9
 Neither the 1972 amendments adding § 5(b) nor the 1984 amendments adding § 5(c) to the LHWCA proscribe non-vessel related indemnity agreements. The distinction between vessels and non-vessels is well-established. We will not impute to congressional silence a desire to apply the 1984 LHWCA amendments to non-vessels. Nor are we persuaded that these amendments preempt the field.
 
 
 10
 Knapp, 781 F.2d at 1131 (citations omitted).
 
 
 11
 Similarly in Doucet, a roustabout was injured on an offshore platform. The platform owner filed third-party claims for contractual indemnity against the roustabout's employer. The Court again found that the indemnity claim was barred by the Louisiana Act.
 
 
 12
 The Compensation Act [LHWCA] neither expressly permits nor forbids contractual indemnity agreements between non-vessels and compensation-paying employers. This silence is a gap in federal law that, according to the Shelf Lands Act, is to be "filled" by state law governing such indemnity contracts.
 
 
 13
 Doucet, 783 F.2d at 525 (citations omitted).[6]
 
 
 14
 We recognize that neither Knapp nor Doucet involves a vessel nor a 905(b) claim as this incident does. Nevertheless, McDermott's claims are treated the same because McDermott contracted with Capital/Landry in its capacity as contractor, not as vessel owner, the same position as the relevant parties in Knapp and Doucet.
 
 
 15
 We interpret the § 905(c) requirement of an indemnity contract between "the employer ... and the vessel ..." to require that the contracting entity must be contracting in its capacity as the vessel, not as a party who incidentally utilizes a vessel in other operations. Here, McDermott entered into a contract for welders to work on a fixed platform it was constructing. McDermott was not acting in its capacity as vessel owner but only as a contractor who incidentally utilized a vessel to accomplish its work. The fact that McDermott happens to own the vessel does not place the contract within § 905(c). McDermott argues that because Plaintiff asserted a § 905(b) claim, § 905(c) must govern the contract dispute. While § 905(b) liability is a requisite for § 905(c) applicability, the contract must be of the type covered by § 905(c). It must be with a vessel. The McDermott-Capital/Landry contract is not.
 
 
 16
 Having held that the McDermott-Capital/Landry contract is not governed by § 905(c), we need not determine whether the Louisiana Act is inconsistent with § 905(c). The indemnity provisions of the McDermott-Capital/Landry contract are governed by state law and are barred by the Louisiana Oilfield Indemnity Act.[7]
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The Louisiana Act provides in pertinent part:
 Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals ... is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee. La.R.S. § 9:2780(B) (1991).
 
 
 [2]
 46 U.S.C. § 688 (1975)
 
 
 [3]
 33 U.S.C. § 901 (1986)
 
 
 [4]
 McDermott's first contention on appeal is that neither the district court nor this Court need address the applicability of maritime law to the McDermott-Capital/Landry contract because the indemnity provisions are enforceable under § 905(c) of the LHWCA alone. Because maritime law enforces indemnity provisions, addressing the applicability of maritime law to a contract as a threshold inquiry is logical, efficient and certainly not error
 
 
 [5]
 Section 905(c) states in pertinent part:
 Nothing contained in subsection (b) of this section shall preclude the enforcement according to its terms of any reciprocal indemnity provision whereby the employer of a person entitled to receive benefits under this chapter by virtue of section 1333 of Title 43 and the vessel agree to defend and indemnify the other for cost of defense and loss or liability for damages arising out of or resulting from death or bodily injury to their employees.
 
 
 [6]
 See also Heath v. Superior Oil Co., 617 F.Supp. 33 (W.D.La.1985) and Rigby v. Tenneco Oil Co., 607 F.Supp. 1247 (E.D.La.1985)
 
 
 [7]
 Commercial Union Insurance Company, Capital's maritime employer's liability insurer, argues that McDermott's appeal as to Commercial Union is frivolous because its policy does not afford coverage for Wagner, an employee of Landry. Commercial Union does not ask for affirmative relief but merely urges affirmance. Because we affirm the dismissal of McDermott's claims, Commercial Union's alternate argument for dismissal is moot