Paul ALEXANDER, Plaintiff-Appellant,

v.

CHEVRON, U.S.A., Defendant-Appellee.

Paul ALEXANDER, Plaintiff,

v.

CHEVRON, U.S.A., Defendant-Appellee,

v.

CHAMPION OIL AND GAS LEASE SERVICE, INC. and North River Insurance Company, Intervenors-Appellants.

Nos. 86–4214, 86–4271
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1986.

Paul Bourgeois, IV, Allen, Gooch, Bourgeois, Breaux & Robison, Lafayette, La., Jennifer J. Bercier, J.B. Jones, Jr., Cameron, La., for plaintiff-appellant.

George B. Jurgens, III, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for defendant-appellee.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Alexander sued Chevron U.S.A., Inc. (Chevron) to recover damages for injuries he suffered in a fire and explosion on Chevron's stationary production platform in the Gulf of Mexico off the Louisiana coast. Champion Oil and Gas Lease Service, Inc. (Champion) and North River Insurance Company (North River) intervened seeking to recoup benefits paid to Alexander pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA). The district court, 623 F.Supp. 1462, granted Chevron's motion for summary judgment and dismissed Alexander's suit and the intervention of Champion and North River on grounds that Alexander was Chevron's borrowed employee and Chevron was shielded from the tort action by LHWCA. We find no error and affirm.

### I.

Alexander was hired by Champion, a labor service contractor, approximately a year before his accident. During the entire term of Alexander's employment with Champion, he was assigned exclusively to Chevron platforms. Alexander worked seven days on and seven days off. At the beginning of each seven day hitch, Alexan-

der reported to Champion's office, and was assigned to a Chevron platform. Chevron then transported Alexander to his assigned platform either by helicopter or vessel.

While he was aboard the platforms Alexander performed whatever manual labor the Chevron supervisor directed him to do. He worked alongside Chevron laborers or roustabouts as they are called in the oilfields. All tools and equipment, except for his boots, hat and gloves were provided by Chevron. While on board the platform Alexander ate, slept and lived with the Chevron employees. He received the same training as the Chevron roustabouts and attended the same safety meetings. On some jobs several Champion roustabouts accompanied Alexander; on the date of the accident, however, Alexander was the only Champion roustabout aboard Chevron's East Cameron 245 platform.

At the end of each working day, Alexander filled in his time sheet and the Chevron supervisor verified his hours. After the conclusion of the work week, Alexander delivered the time sheet to Champion which issued his paycheck.

Under the terms of the service contract between Champion and Chevron, Champion agreed to furnish labor, equipment, and "to perform the work as an independent contractor and not as an employee of Company...."

On appeal, appellants argue that the district court erred in concluding: (1) that he was Chevron's borrowed employee; and (2) that the 1984 amendments to the LHWCA, 33 U.S.C. §§ 904(a) and 905(b) preclude the application of the "borrowed employee" doctrine in this case.

## II.

### A.

In *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312–13 (5th Cir.1969), we established nine factors or indices of employment for the factfinder to consider in determining whether a general employee of one had become the borrowed employee of another. The district court considered these factors and concluded that the summary judgment evidence established that Alexander was the borrowed employee of Chevron. Alexander's only serious disagreement with the district court's conclusion is that the contract between Champion and Chevron precludes a finding that he is Chevron's borrowed employee. The pertinent portion of the contract provides:

> Contractor agrees to perform the work as an independent contractor and not as an employee of Company; to indemnify and hold Company harmless from and against claims or liens of workmen and materialman; to defend at its own expense any and all suits or actions; and to pay any judgments against Company arising out of the alleged infringement of patent rights occasioned by performance of servants hereunder.

Alexander cites two recent cases by this circuit in support of his argument that the contract precludes entry of summary judgment on the borrowed employee issue: *West v. Kerr-McGee Corp.*, 765 F.2d 526 (5th Cir.1985); *Alday v. Patterson Truck Lines, Inc.*, 750 F.2d 375 (5th Cir.1985).

Alexander's reliance on *Alday* and *West* is misplaced. In those cases the contract explicitly prohibited application of the borrowed employee doctrine. In *Alday,* the contract provided: "Under no circumstances shall an employee of a CONTRACTOR be deemed an employee of COMPANY; neither shall CONTRACTOR act as an agent or employee of COMPANY." In *West* the contract provided:

> Neither contractor nor any person used or employed by contractor shall be deemed for any purpose to be the employee, agent, servant, or representative of Kerr-McGee in performance of any work or services ... under this agreement.

In contrast to the language of the contracts in *Alday* and *West,* the language in the Champion-Chevron contract, relied on by Alexander, does not purport to prohibit Chevron from becoming the borrowing employer of Champion's payroll employees.

Also, the terms of the contract between the borrowing employer and payroll employer does not ordinarily provide a sufficient basis to deny summary judgment when the remaining *Ruiz* factors point toward borrowed servant status. *See Gaudet v. Exxon Corp.*, 562 F.2d 351, 358 (5th Cir.1979). We find no error in the district court's determination that Alexander was Chevron's borrowed employee.

### B.

Alexander also asks us to reconsider our recent rejection of the argument that the 1984 amendments to § 905(a) of the LHWCA precludes a finding that a subcontractor's employee is the borrowed employee of a contractor. *Capps v. N.L. Baroid Industries, Inc.*, 784 F.2d 615 (5th Cir.1986); *Doucet v. Gulf Oil Corp.*, 783 F.2d 518 (5th Cir.1986); *West v. Kerr-McGee Corp.*, 765 F.2d 526 (5th Cir.1985). We decline the invitation; in this circuit one panel may not overrule the holding of a previous panel. *United States v. Albert*, 675 F.2d 712, 713 (5th Cir.1982).

AFFIRMED.