United States Court of Appeals,

Fifth Circuit.

No. 92-3877

Summary Calendar.

Donald BILLIZON, Plaintiff-Appellant,

and

Danos & Curole Marine Contractors, Inc. and The Gray Insurance Company, Intervenors-Appellants,

v.

CONOCO, INC. et al., Defendants-Appellees.

June 15, 1993.

Appeals from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

Donald Billizon sued Conoco, Inc. to recover damages for injuries he suffered while working on an offshore platform operated by Conoco. At the time of his accident, Billizon was employed by Danos & Curole Marine Contractors, Inc. (D & C), which supplies workers to oil and gas producers. D & C had assigned Billizon to work for Conoco as a pumper. The district court entered summary judgment in favor of Conoco on the ground that Billizon was Conoco's "borrowed employee"—granting Conoco tort immunity under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(a). We affirm.

To determine borrowed-employee status, we consider nine factors:

(1) Who had control over the employee and the work he was performing, beyond mere suggestion of details or cooperation?

(2) Whose work was being performed?

(3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?

(4) Did the employee acquiesce in the new work situation?

(5) Did the original employer terminate his relationship with the employee?

(6) Who furnished tools and place for performance?

(7) Was the new employment over a considerable length of time?

(8) Who had the right to discharge the employee?

(9) Who had the obligation to pay the employee?

*Brown v. Union Oil Co. of California,* 984 F.2d 674, 676 (5th Cir.1993). The question of borrowed-employee status is a question of law for the district court to determine. But in some cases, factual disputes must be resolved before the district court can make its legal determination. *See, e.g., id.* at 679 (factual issues concerning factors 1 and 3); *Melancon v. Amoco Prod. Co.,* 834 F.2d 1238, 1245 n. 13 (5th Cir.) (factual issue concerning factor 3), *reh'g granted on other grounds,* 841 F.2d 572 (5th Cir.1988).

While working for Conoco, Billizon maintained the flow of oil and gas from a production platform. John Jackson, a Conoco employee, supervised the platform on which Billizon worked. When Billizon arrived on the job, a Conoco employee familiarized him with the work procedures. Billizon attended daily tailgate meetings conducted by Jackson to discuss safety and work-related issues. Jackson talked to Billizon daily either in person or by telephone. Conoco required Billizon to keep a work log, which was reviewed by Jackson. No D & C supervisors were in the field to oversee Billizon's work. Conoco provided the place for performance as well as Billizon's transportation, food, and lodging. Billizon worked for Conoco for more than three months. Conoco did not have the right to terminate Billizon's employment with D & C, but it had the right to end Billizon's association with Conoco. D & C paid Billizon, but his pay was based on time tickets verified by Conoco.

In this case, only the third factor—agreement, understanding, or meeting of the minds between the original and the borrowed employer—could possibly support Billizon's contention that he was not a borrowed employee. The service contract governing the relationship between Conoco and D & C provides that employees of D & C are *not* employees of Conoco. However, the reality of the work site and the actions of Conoco and D & C suggest that the two employers had the contrary "understanding or meeting of the minds." *Cf. Melancon,* 834 F.2d at 1245 & n. 13. This

court has held many times that no single factor is determinative. *See, e.g., Brown,* 984 F.2d at 676; *see also Melancon,* 834 F.2d at 1245 ("[P]arties to a contract cannot automatically prevent a legal status like "borrowed employee' from arising merely by saying in a provision in their contract that it cannot arise.").

The question in this case is whether the existence of a contract provi sion purporting to prohibit borrowed-employee status makes the district court's summary judgment inappropriate, given that such a contract provision could create a factual dispute on the third factor if the other factors were disregarded. Previously faced with this issue, this court has concluded that summary judgment is appropriate where the remaining factors clearly point to borrowed employee status. *See Brown,* 984 F.2d at 678 n. 5; *Alexander v. Chevron, U.S.A.,* 806 F.2d 526, 529 (5th Cir.1986) (citing *Guadet v. Exxon Corp.,* 562 F.2d 351, 358 (5th Cir.1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2253, 56 L.Ed.2d 414 (1978)). Here, factors 1, 2, 4, 5, 6, 8, and 9 support borrowed employer status. Factor 7 is neutral,[1] but the neutrality of factor 7 is insufficient to render the district court's summary judgment inappropriate.

Even if we assume that factor 3 weighs in favor of Billizon's position, the summary judgment record establishes that Billizon was Conoco's borrowed employee. We affirm the district court's summary judgment in favor of Conoco. *Compare Brown,* 984 F.2d at 677, 679 (factual issue existed concerning factor 1, who controlled the employee's work).

AFFIRMED.

---

[1]*See Brown,* 984 F.2d at 679 (Factor 7 is neutral where the length of employment (one month) is not considerable.).