**Armando PATTERSON, et al**

v.

**CONOCO, INC., et al.**

**Civ. A. No. 87–0205, Section "O".**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Sept. 14, 1987.

Domengeaux & Wright, James Parkerson Roy, Philip S. Aucoin, Jr., Lafayette, La., for plaintiffs.

Davidson, Meaux, Sonnier & McElligott, John E. McElligott, Jr., Lafayette, La., for E.I. Dupont Denemours & Co., Inc. and Conoco.

Juneau, Hill, Judice, Hill & Adley, Patrick A. Juneau, Lafayette, La., for J. Lee Boyle and Associates, Inc. and Nat. Union Fire Ins. Co.

LITTLE, District Judge.

## RULING

The plaintiffs filed this action against Conoco, Inc., E.I. Dupont De Nemours & Company and National Union Fire Insurance Company seeking damages as a consequence of an accident experienced by Armando Patterson. At the time of the accident, Armando was employed by J. Lee Boyle & Associates, Inc. as a sandblaster and was assigned to work aboard a fixed platform owned by Conoco. The fixed platform was located more than three miles off the coast of Louisiana.

Dupont filed a third party complaint against Boyle seeking tort and contractual indemnification. National Union has also been named as a third party defendant by Dupont through an amendment to the third party complaint.

Boyle moved for a partial summary judgment to dismiss the third party complaint of Dupont to the extent that it seeks indemnification of any sums other than attorney fees, costs and expenses incurred in defending the claims of Armando Patterson. National Union has moved for summary judgment to dismiss the claims of the plaintiffs.

## MOTION OF BOYLE

### Tort Indemnification

Patterson was working on a fixed platform beyond the three-mile limit. It is undisputed that he was a Boyle's employee. As such, the provisions of the Longshore and Harbor Workers' Compensation Act (33 U.S.C. 901, et seq.) apply to his injuries. Section 905(a) of the Act "effectively abrogates any independent tort liability of the employer [Boyle] to its employee [Patterson], thereby eliminating any basis which may have existed for indemnification on a tort theory." *Alexander v. Chevron U.S.A., Inc.,* 623 F.Supp. 1462 (D.C.La. 1985); *Ketchum v. Gulf Oil Corp.,* 798 F.2d 159 (5th Cir.1986). Therefore, the third party claim of Dupont for tort indemnification is ripe for dismissal.

### Contractual Indemnity

The agreement between Dupont and Boyle contains an indemnification provision whereby Boyle agrees to indemnify fully Dupont against all losses and expenses resulting from injury to any person resulting in any way from any act or omission, negligent or otherwise, on the part of Dupont or Boyle. The agreement also contains a provision which states that the agreement shall be construed in accordance with and interpreted under the laws of the state of Delaware.

Under the Louisiana Oilfield Indemnity Act, La.Rev.Stat.Ann. § 9:2780, provisions in oilfield contracts are void and unenforceable to the extent that they provide for indemnification for losses caused by negligence or fault of the indemnitee. The statute forms the basis of Boyle's motion for summary judgment on Dupont's contractual indemnity claim.

Dupont argues that Louisiana law should not be applied in enforcing the agreement with its indemnity clause. To do so would eliminate the will of the parties when they selected Delaware law as the measuring stick to be applied in case of controversy. Dupont also relies on the fact that the contract was executed outside the state of Louisiana and that the indemnity language has no bearing upon the Louisiana plaintiff's recovery potential. Counsel for Dupont concedes that there is a strong public policy behind La.Rev.Stat.Ann.

§ 9:2780 in that the statute was enacted to provide protection for Louisiana resident contractors dealing with more powerful oil and gas exploration companies. But Dupont asserts a number of reasons why states other than Louisiana, namely Virginia and Delaware, have a greater interest in seeing that their laws are applied in interpreting the agreement.

In spite of Louisiana Civil Code provisions concerning freedom to contract and Dupont's arguments as to the interests of states other than Louisiana in enforcing the agreement as written, this Court finds that Louisiana law must be applied. This result is necessitated through the application of *Matte v. Zapata Offshore Co.*, 784 F.2d 628 (5th Cir.1986).

In *Matte*, the agreement between the contractor and rig owner specified that the law governing the agreement was to be the General Maritime Law of the United States. Both the trial and appellate court found that this provision was unenforceable due to the overwhelming public policy interests of both Louisiana and the United States. As Congress has specified in the Outercontinental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*, the law of the state adjacent to the accident site is to be applied as a surrogate law. Therefore, Louisiana's Oilfield Indemnity Act will be applied to this agreement. As stated by the court in *Matte*, "[t]o permit parties to contract around the Oilfield Indemnity Act would reinstate as the norm their unequal bargaining positions, and defeat the purposes of that legislation. We will not participate in such an obvious end-run of the Louisiana Legislature's effort to improve oilfield safety." 784 F.2d at 631. Summary judgment will be GRANTED in favor of Boyle for those contractual indemnity claims expressed in Dupont's third party action. Dupont is not prohibited from recovery of the costs of defending this suit. *Meloy v. Conoco, Inc.*, 504 So.2d 833 (La.1987).

## NATIONAL UNION'S MOTION FOR SUMMARY JUDGMENT

■ The agreement between the parties at page 4 requires Boyle to provide liability insurance coverage at its own expense for the activities within the agreement. Named as coinsureds are Boyle and Dupont. Ordinarily an arrangement of this sort is in violation of Louisiana's Oilfield Indemnity Act, La.Rev.Stat.Ann. § 9:2780(G) and is therefore null, void and unenforceable. *Babineaux v. McBroom Rig Building Service, Inc.*, 806 F.2d 1282 (5th Cir.1987). But Dupont directs the Court's attention to attachment "C" of the agreement wherein Dupont agrees to reimburse Boyle for the required insurance payments. Dupont has submitted unanswered affidavits, premium statements and invoices which show payment of the liability insurance premiums from August of 1985 to December of 1986. The failure of National Union to submit affidavits and other evidence denying the affidavits submitted by Dupont gives this Court no choice but to accept Dupont's evidence as true for the purpose of the motion for summary judgment. Fed.R.Civ.P. 56. *See Wang v. Lake Maxinhall Estates, Inc.*, 531 F.2d 832 (7th Cir.1976); *Kemper v. American Broadcasting Companies, Inc.*, 365 F.Supp. 1275 (S.D.Ohio 1973).

Since Dupont reimbursed Boyle for the cost of National Union coverage, the factual scenario does not resemble the facts presented in *Babineaux*. As such, the Court finds that the Louisiana Oilfield Indemnity Act does not require the dismissal of the claim against National Union as a matter of law. In fact, the acquisition of liability insurance by Dupont is an exercise which should be applauded, not thwarted.

In sum, the motion for partial summary judgment filed by Boyle is GRANTED, dismissing a portion of the third party complaint of Dupont. The motion for summary judgment filed by defendant National Union is DENIED. An appropriate judgment will issue.

## JUDGMENT

For written reasons this date assigned, the motion of third party defendant J. LEE BOYLE & ASSOCIATES, INC. for partial summary judgment is GRANTED dismissing the third party complaint of E.I. DU-

PONT DE NEMOURS & COMPANY, INC. to the extent it seeks recovery for indemnification of other than attorney fees, court costs and expenses.

The motion of defendant NATIONAL UNION FIRE INSURANCE COMPANY for summary judgment is DENIED.

SIGNED in Alexandria, Louisiana on 14 September 1987.