Don Michael DAVIS, Plaintiff–Appellee, Cross–Appellant & Cross–Appellee,

Highlands Insurance Co., Intervenor and Third Party Defendant–Appellee, Cross–Appellant,

v.

MOBIL OIL EXPLORATION AND PRODUCING SOUTHEAST, INC., Defendant–Third–Party Plaintiff–Appellant, Cross–Appellee,

v.

DUAL DRILLING COMPANY, Third–Party Defendant–Appellee.

No. 87–3895.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1989.

Rehearing Denied March 7, 1989.

Craig R. Nelson, New Orleans, La., for Mobil Oil Exploration & Producing Southeast, Inc.

George M. Papale, Jesse M. Suit, III, Gretna, La., for Davis.

Jeffrey J. Christovich, New Orleans, La., for Highlands Ins. Co.

Daniel A. Webb, New Orleans, La., for Highlands and Dual Drilling.

Before JOHNSON, JOLLY, and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

Defendant Mobil Oil Exploration and Producing Southeast, Inc. (Mobil) appeals from a district court judgment entered pursuant to a jury verdict in favor of plaintiff Don Michael Davis for injuries which Davis suffered while employed as a floorhand on a land rig located on a Mobil well site. The land rig was owned and operated by Dual Drilling Company (Dual). On appeal, Mobil primarily challenges the sufficiency of the evidence to support the jury's finding of liability on its part for the injuries suffered by Davis. Mobil also disputes the sufficiency of the evidence to support the damage award. Further, Mobil challenges an evidentiary ruling by the district court admitting testimony offered by Davis regarding certain statements made by an unnamed Mobil employee.

Mobil also appeals from an order of the district court dismissing its third-party complaint for indemnity against the insurance carrier for Dual, Highlands Insurance Company (Highlands). Finally, Highlands, as an intervenor in the instant suit due to its status as workmen's compensation carrier for Dual, asserts on appeal that the district court erred in its computation of the reimbursment due Highlands from the judgment awarded Davis for workmen's compensation benefits already paid to Davis by Highlands. After reviewing the record and the various contentions of the parties, we affirm the judgment of the district court in all respects except as to the sufficiency of the evidence to support the damages award to Davis for future medical expenses. On the issue of future medical expenses, we reverse and render.

## I. FACTS AND PROCEDURAL HISTORY

The instant dispute arises out of an accident suffered by plaintiff Don Michael Davis during the course of his employment

as a floorhand for Dual Drilling Co. on a land rig owned by Dual located near Vacherie, Louisiana. The well site on which the rig was located was leased by Mobil who contracted with Dual to supervise, manage, and perform all of the drilling work on the well site. The accident sustained by Davis on the Dual rig which forms the basis of the instant suit occurred on February 5, 1984, when Davis slipped and fell due to an alleged "gross accumulation of drilling mud on the floor" of the rig. As a result of the fall, Davis suffered serious injuries to his back.

In the subsequent negligence suit brought by Davis against Dual and Mobil, Davis maintained that the mud on which he fell accumulated on the drill floor of the rig because a "Mobil company man" instructed Dual employees not to wash mud off the drill floor as frequently as safe practice would ordinarily dictate because of Mobil's desire to conserve water on the well site. Highlands Insurance Company, the workmen's compensation carrier for Dual, later intervened in the negligence suit brought by Davis to recover workmen's compensation benefits which Highlands had previously paid to Davis as a result of his accident. Additionally, Mobil filed a third-party complaint for indemnity against Highlands.

Thereafter, a jury returned a verdict finding Mobil partially liable for the injuries which Davis sustained as a result of his fall on the rig. The jury then awarded Davis damages in the amount of $206,000, which sum was reduced to $51,192 to account for the jury's finding of contributory negligence on the part of Davis and the negligence of his immediate employer, Dual. As to Highlands' claim in intervention for reimbursement of workmen's compensation benefits previously paid to Davis, the district court did permit such reimbursement, but not from that portion of the damage award reflecting the non-economic losses of Davis. Finally, the district court dismissed Mobil's third-party complaint for indemnity against Highlands. Mobil and Highlands now appeal.

## II. DISCUSSION

### A. *Sufficiency of the Evidence*

On appeal, Mobil challenges the sufficiency of the evidence to support the jury's verdict in favor of Davis. Mobil also contends that it cannot *legally* be responsible for the injuries sustained by Davis even assuming the veracity of the facts surrounding the accident as maintained by Davis at trial. Before proceeding to Mobil's contention regarding the sufficiency of the evidence to support the jury's verdict, however, it is necessary to address a further contention by Mobil regarding the admissibility of certain testimony which the district court allowed Davis to introduce at trial. Specifically, Mobil contends that the district court erred in allowing Davis and two of his co-workers to testify as to an unsafe directive allegedly issued by a Mobil company man at a safety meeting of Dual's employees on the day of Davis' accident. Davis and his co-workers testified that a Mobil company man instructed Dual employees not to wash off the drill floor until six joints of pipe had been drilled—apparently an unsafe practice which allows mud to accumulate on the floor of a rig.

In arguing that the district court erred in allowing such testimony, Mobil asserts that the testimony of Davis and his co-workers constitutes inadmissible hearsay. Davis, however, asserts that the testimony is not hearsay, but constitutes an admission of a party opponent, Mobil, which may be introduced into evidence pursuant to Fed.R.Evid. 801(d)(2)(D). Rule 801(d)(2)(D) provides in pertinent part:

A statement is not hearsay if—

. . . . .

[t]he statement is offered against a party and is

. . . . .

a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]

Mobil argues that the testimony of Davis and his co-workers concerning the unsafe directive made by the unidentified Mobil

company man does not fall within the purview of Rule 801(d)(2)(D) since Davis and his co-workers failed to identify by name the Mobil company man who made the revealing statement. Presented with the above argument by Mobil, the inquiry for this Court becomes whether enough evidence was presented to support a conclusion by the district court that a certain unidentified person was in fact the agent of Mobil so that any admissions made by that person constituted the admissions of Mobil for purposes of Rule 801(d)(2)(D).

In this regard, Davis maintains that, while he did not know the names of the Mobil employees at the safety meeting where the unsafe directive was issued, he did recall that three Mobil employees were present at the meeting and the older of the three Mobil employees issued the order to conserve water by refraining from washing down the drill floor until six joints of pipe had been drilled. Further, Davis testified that the man who issued the unsafe order was wearing a Mobil hard hat. Additionally, Davis' two co-workers testified unequivocally that the individual who issued the order to conserve water was a Mobil company man. Persuaded that the above evidence is sufficient to allow the district court to permit the testimony as an admission against Mobil, we affirm the decision of the district court on this point. It should not be understated, however, that while a name is not in all cases required, a district court should be presented with sufficient evidence to conclude that the person who is alleged to have made the damaging statement is in fact a party or an agent of that party for purposes of making an admission within the context of Rule 801(d)(2)(D).[1]

Having determined that the district court did not err in admitting the testimony of Davis and his co-workers as to the unsafe instruction from the Mobil company man, we now address Mobil's contention that insufficient evidence was adduced at trial to support the findings of the jury. At the outset, it is noted that the above challenge to the jury's verdict was initially presented to the district court by Mobil in the context of a motion for judgment notwithstanding the verdict which the district court denied. Because of the deference afforded to the factual findings of the jury, a district court is prohibited from granting a motion for judgment notwithstanding the verdict "unless the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict." *Knight v. Texaco*, 786 F.2d 1296, 1298 (5th Cir.1986). In reviewing the decision of a district court to deny a motion for judgment notwithstanding the verdict, we view all of the evidence in the light most favorable to the nonmoving party and with all reasonable inferences from that evidence in favor of the nonmoving party. *Id.*

> [I]f there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion[ ] should be denied,.... [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir.1969) (en banc) (footnote omitted).

Cognizant at all times of the above deferential standard of review which we employ in this area, we now turn to Mobil's contention that the evidence adduced at trial was not sufficient to establish that a Mobil em-

---

1. Our decision in this regard is supported by the decision of the Second Circuit in *O'Neal v. Esty*, 637 F.2d 846 (2d Cir.1980), *cert. denied*, 451 U.S. 972, 101 S.Ct. 2050, 68 L.Ed.2d 351 (1981). In *O'Neal*, the Second Circuit addressed the unique question of the admissibility of an admission that could reasonably have been made by any one of a number of defendants in a multi-defendant civil trial. The *O'Neal* court resolved the issue by concluding that "justice might be better served and the Rules of Evidence more reasonably construed by permitting a plaintiff to inform the jury that one of the defendants made an admission, leaving to each defendant the burden of persuading the jury that the admission was not made by him." *O'Neal*, 637 F.2d at 851.

ployee instructed Dual employees, including Davis, to refrain from washing mud off the drill floor for an unsafe period of time in an effort to conserve water. On this point, Mobil offered at trial voluminous testimony by its employees, as well as Dual employees, to the effect that Mobil never issued an instruction to Dual employees not to wash down the drill floor. Mobil did, however, admit, as it does on appeal, that it was attempting to conserve water due to the fact that water was pumped out of a water well drilled on the rig site. Despite the existence of the above evidence presented by Mobil, however, it is well-established that this Court must view the evidence presented in the light most favorable to Davis, the party opposing the motion for judgment notwithstanding the verdict, and indulge all reasonable inferences from that evidence in his favor. *Knight,* 786 F.2d at 1298. Applying the above standard, the evidence presented by Davis, while not as persuasive as it conceivably could be, is sufficient to support the jury's finding that Mobil was partially liable for the injuries sustained by Davis in his fall.

In particular, Davis, through his own testimony and that of two of his co-workers, testified before the jury that an unnamed Mobil employee, a "Mobil company man," instructed Dual employees at a safety meeting to conserve water by not washing mud off the drill floor until six joints of pipe had been drilled. Through the testimony of a petroleum engineering expert, Paul Montgomery, Davis then introduced evidence that washing mud off a drill floor only after six joints of pipe have been drilled is an unsafe practice, whereas safe industry practice would direct that a drill floor be washed off after each individual joint of pipe is drilled. Further, Montgomery testified that, while it would not be acceptable industry practice for a company man to tell a drilling crew not to wash down the floor between connections, a company man would indeed have the authority to issue such a directive. In this respect, Montgomery stated that, in his opinion, the

floorhands would have washed down the drill floor after every connection if there had been no order from a company man to do otherwise.

On these facts, the evidence was sufficient to support the denial by the district court of Mobil's motion for judgment notwithstanding the verdict. From the evidence introduced by Davis at trial, a reasonable jury could conclude that the Dual floorhands received an instruction from a Mobil company man to conserve water by refraining from washing down the drill floor for an unsafe period of time, and that the failure of the floorhands to wash down the drill floor in this manner caused the accumulation of mud on the floor which resulted in Davis' fall.[2]

■ Finally, Mobil raises two legal challenges to contest its liability for the injuries sustained by Davis as a result of his fall. Specifically, Mobil maintains that it owed no legal duty to Davis and that, Dual, as an independent contractor of Mobil, was solely responsible for the injuries of Davis. Under Louisiana law, however, a principal is liable for the acts of an independent contractor if he expressly or impliedly authorizes an unsafe practice. *Bartholomew v. CNG Producing Co.,* 832 F.2d 326, 329 (5th Cir.1987). As previously concluded, sufficient evidence was presented at trial to support a conclusion by the jury that a Mobil company man directed Dual floorhands to refrain from washing down the drill floor for an unsafe period of time which resulted in the accummulation of mud on the drill floor and Davis' subsequent fall. Therefore, since the evidence supports a finding by the jury that a Mobil company man expressly authorized an unsafe practice, Mobil's legal challenges to the validity of the jury's verdict must fail.

## B. *Damages*

Mobil next challenges as excessive the damages awarded to Davis by the jury. The jury awarded Davis a total amount of

---

**2.** Mobil also asserts that the evidence presented at trial established that no mud could have accumulated on the deck of the rig at the time of Davis' fall. After reviewing the record, we reject Mobil's contention to the sufficiency of the evidence on this point as well.

$206,000 in damages, which may be broken down as follows: (1) $29,000 for past income loss; (2) $72,000 for future income loss; (3) $20,000 for future medical expenses; and (4) $85,000 for general damages. Additionally, the parties stipulated prior to trial that Davis incurred $7,302.93 in past medical expenses. Finally, it should be noted that the total damage award by the jury was reduced by forty-one percent to account for the jury's finding of contributory negligence on the part of Davis.

■ This Court is mindful at all times of the highly stringent standard of review employed to determine whether or not a damage award by a jury is excessive. In declining to disturb the damage award of the jury in *Bartholomew v. CNG*, this Court stated that:

> 'This Court will overturn a jury verdict for inadequacy only upon the strongest of showings.' In reviewing the damage award, this Court is limited to determining whether the trier of fact abused its discretion. Moreover, damage awards will only be overturned in exceptional cases where such awards are so gross as to be contrary to right reason.

*Bartholomew*, 832 F.2d at 331 (citations omitted). Turning to the facts of the instant case, we are persuaded that the damage award by the jury was not so gross as to be contrary to right reason except as to the $20,000 award for future medical expenses. On the issue of future medical expenses, Davis failed to produce any specific evidence at trial to support an award of $20,000 other than the possibility that he might require some type of medical care in the future. This assertion by Davis is belied by the fact that, at the time of the trial, Davis was no longer receiving treatment for his injuries from the fall and had not seen any doctors concerning his injuries from the fall for the two years preceding the trial. In fact, even counsel for Davis conceded at oral argument before this Court that the evidence in the record was sparse on this particular item of damages. Accordingly, we reverse the $20,000 damage award for future medical expenses.

As to all other aspects of the damage award, we affirm.

### C. *Third–Party Complaint by Mobil*

■ Mobil also raises on appeal a complaint that the district court erred in dismissing its third-party complaint for indemnity against Highlands, Dual's insurance carrier. In *Babineaux v. McBroom Rig Building Service, Inc.*, 806 F.2d 1282 (5th Cir.1987), this Court concluded that, pursuant to Louisiana law, a contractual agreement requiring insurance to be provided by an indemnitor (Dual) to an indemnitee (Mobil) for losses caused by the negligence of the indemnitee is ordinarily in violation of Louisiana's Oil Field Indemnity Act, La. Rev.Stat.Ann. § 9:2780 and is therefore, null and void. In the instant case, however, Mobil seeks to circumvent the general rule in *Babineaux* by relying on the decision of the federal district court in *Patterson v. Conoco, Inc.*, 670 F.Supp. 182 (W.D. La.1987). In *Patterson*, the federal district court concluded that the general rule enunciated in *Babineaux* was not applicable where the indemnitee actually paid the insurance premiums for the insurance provided by the indemnitor.

Attempting to trigger the apparent exception to the *Babineaux* ruling as set forth in *Patterson*, Mobil argues on appeal that the record is unclear as to whether or not a payment arrangement similar to that which existed between the parties in *Patterson* also existed in the instant case between Dual and Mobil. Thus, Mobil continues, this Court should remand the instant action to the district court for evidence of whether Mobil actually paid the insurance premiums for the insurance coverage provided by Highlands to Dual. We decline to grant Mobil's request. The *Patterson* case was fully briefed by the parties and presented to the district court. Apparently, at no time before the district court did Mobil attempt to discover the information which it now asserts is pertinent to its argument under the *Patterson* ruling. Mobil's eleventh hour request before this Court is untimely. Accordingly, we affirm the dismissal by the district court of Mo-

bil's third-party complaint for indemnity from Highlands.

### D. *The Stipulation*

█ Finally, we address Highland's contention that the district court erred when it did not allow Highlands to satisfy its reimbursement claim for compensation benefits previously paid to Davis from that portion of the damage award reflecting damages awarded to Davis for non-economic losses such as pain and suffering and mental anguish. In making this argument, Highlands relies on a stipulation entered into between Highlands, Davis, Dual, and Mobil prior to trial to the effect that Highlands was entitled to be paid first out of any judgment or settlement resulting from Davis' suit against Mobil. Further, the parties stipulated that the amount due Highlands in reimbursement for compensation benefits paid to Davis was $90,958.93. In determining that Highlands was not entitled to that portion of the damage award reflecting non-economic losses, the district court relied on *Brooks v. Chicola*, 514 So. 2d 7 (La.1987), wherein the Louisiana Supreme Court concluded that reimbursement to compensation carriers is limited only to the damages for loss of earnings and medical expenses, not damages for pain and suffering and other non-economic losses. Without refuting the viability of the *Brooks* ruling, Highlands maintains that the stipulation of the parties controls the outcome of the instant case regardless of the *Brooks* rule. Highlands' contention, however, is without merit. The stipulation between the parties in the instant case provides that "[i]n accordance with the provisions of the Louisiana Workmen's Compensation Act (LWCA), R.S. 23:1021, et seq., particularly Section 1102 and 1103, Dual Drilling Company is subrogated to the rights of Don Michael Davis and is entitled to be paid first out of any judgment or settlement" received by Davis. The above provisions of the LWCA have been interpreted by the Louisiana Supreme Court in *Brooks* to specifically preclude reimbursement to compensation carriers for non-economic losses. Therefore, since the stipulation itself conditions Highlands'

subrogation rights on the provisions of the LWCA, any judicial interpretation of the provisions of the LWCA, such as that enunciated in *Brooks*, also governs the parties' stipulation. Accordingly, the *Brooks* rule precluding reimbursement for non-economic losses applies to limit Highlands' recovery in the instant case; therefore, we affirm.

### III. CONCLUSION

In sum, we conclude that the district court did not err in allowing the testimony of Davis and his co-workers regarding the admission made by the unidentified "Mobil company man" at the safety meeting of Dual employees. Considering the above admission, as well as the other evidence presented by Davis at trial, we further conclude that the district court did not err by denying Mobil's motion for a judgment notwithstanding the verdict as the evidence was sufficient to support the jury's finding of liability on Mobil's part for the injuries which Davis sustained as a result of his fall. Additionally, the damage award of the jury is affirmed except as to that portion of the award reflecting damages for future medical expenses. As to the $20,000 award for future medical expenses, we reverse and render. Finally, we affirm the district court's dismissal of Mobil's third-party complaint for indemnity against Highlands, and reject Highlands' appeal of the district court's order declining to allow Highlands to be reimbursed from that portion of the damage award reflecting non-economic losses.

AFFIRMED IN PART, REVERSED AND RENDERED IN PART.