Aguiar, J.
This appeal of the plaintiffs raises the issue of whether the trial judge erred in not making specific findings of fact as to liability of defendant, The Stop & Shop *210 Companies, Inc. We find no error.
This appeal of the defendant, The Stop & Shop Supermarket Company, raises the issue of whether the trial judge erred in allowing into evidence vicarious admissions of unknown individuals as evidence of corporate negligence.
We find no error.
This action was brought by Esmeralda Dos Santos and her husband Jack Dos Santos against The Stop & Shop Companies, Inc. and The Stop & Shop Supermarket Company to recover for injuries sustained as a result of Mrs. Dos Santos’ fall at a Stop & Shop store in New Bedford.
The trial judge entered judgment against The Stop & Shop Supermarket Company in favor of Mrs. Dos Santos on her negligence claim for $7,000 with interest and costs and in favor of Mr. Dos Santos on his loss of consortium claim for $700 with interest and costs. The court also entered judgment in favor of The Stop & Shop Companies, Inc.
Plaintiffs argue that the Court erred in failing to enter judgment against The Stop & Shop Companies, Inc., because it is jointly liable with the Stop & Shop Supermarket Company. They further argue that the Court did not explain its decision to enter judgment in favor of The Stop & Shop Companies, Inc.
The issue of what entity or entities controlled the employee who was negligent in this case is a factual one and not an issue of law.
The trial judge by his decision found as a fact that The Stop & Shop Supermarket Company controlled the employee who was negligent. The trial judge further said, “as to the defendant Stop & Shop Companies, Inc., because of my findings as to Stop & Shop Supermarket, I find for the defendant.” When the plaintiffs filed motions to amend the judgment to include liability against The Stop & Shop Companies, Inc., these were denied by the trial judge. Any ambiguity as to what entity or entities controlled the employee who was negligent was cleared up by the trial judge’s denial of those motions. The trial judge’s decision was clearly a finding of fact that Stop & Shop Companies, Inc., was not in control of the employee who was negligent.
Though it may be desirable to make specific findings of fact it is not necessary. The Court does not have to explain its decision to enter judgment in favor of The Stop & Shop Companies, Inc.
Judgment is affirmed and the plaintiffs’ appeal is dismissed. As to the appeal of the defendant, The Stop & Shop Supermarket Company, concerning the allowance of evidence of vicarious admissions of unknown individuals as evidence of corporate negligence we also find no error.
A woman reported the accident to a young boy who wore a Stop and Shop jacket. She testified that the boy said to the manager of the store that “I don’t have no time’” in response to the question of why he didn’t clean the spill on the store floor.
Defendant, The Stop & Shop Supermarket Company, argues that cases which allow vicarious admissions against an employer require the person making the admission to be (1) an identified person, (2) of authority and (3) who indisputably has knowledge of the incident through (a) official investigation, or (b) personal involvement. Defendant, The Stop & Shop Supermarket Company, further argues that the evidence offered by the plaintiffs herein does not meet the test. We disagree.
In Davis v. Mobil Oil Exploration & Producing S.E., 864 F. 2d 1171 (5th Cir. 1989), the Court did not suggest that a vicarious admission demands a showing of the declarant’s identity but rather only cautioned that a “court should be presented with sufficient evidence to conclude that the person who is alleged to have made the damaging statement is in fact a party or an agent of that party for purposes of making an admission within the context of Rule 801(d)(2)(D).”
In the case at hand, the trial judge found that there was substantial evidence of the declarant’s employee status consisting of his company’s clothing, accessibility to company offices, his responsiveness to a customer’s request for assistance and participation in an apparent evaluation of Mrs. Dos Santos’ slip complaint.
The Court found as a fact that the young boy who made the admissions was an *211 employee of the defendant, The Stop & Shop Supermarket Company. The Court further found as a fact that his statement falls within a matter that any Stop & Shop employee’s responsibilities would cover. Each and every Stop & Shop employee was generally duty bound to take remedial measures where there was notice of debris upon the floor. The Court further found as a fact that the young boy’s statement does represent a vicarious admission of the company’s knowledge of the foreign deposit and the company’s failure to correct this unsafe condition. Having found that the boy’s statement qualifies as competent proof, the Court further found that the reported accounts of this young boy’s statement are credible. We agree with the trial judge.
Judgment is affirmed and the appeal of the defendant, The Stop & Shop Supermarket Company, is dismissed.