WELCH, J.
^International Marine, LLC (“International”) appeals a summary judgment in favor of McMoRan Oil & Gas, LLC (“McMoRan”) dismissing International’s third-party demand against McMoRan. For reasons that follow, we affirm the judgment.
FACTUAL AND PROCEDURAL HISTORY
This case arises out of an offshore oilfield related accident. The plaintiff, Robert Jefferson, was on the deck of a supply vessel waiting to be transported onto an offshore drilling platform, when he allegedly stepped into a gap caused by a missing deck board, fell, and sustained injuries, *52 McMoRan was the owner of the drilling platform. International was the owner of the vessel, and pursuant to a charter agreement with McMoran, it provided service vessels for transporting personnel and supplies to the drilling platform. Jefferson was an employee of General Fabricators, Inc., a contractor that provided a broad range of services to McMoRan related to the drilling platform under a general services contract.
Jefferson sued International alleging that its negligence was the sole cause of the accident. International filed a third-party demand against McMoRan, asserting claims under both the charter agreement between International and McMo-Ran, and the services contract between General Fabricators and McMoRan.[1] Under the charter agreement, International alleged that it was entitled to indemnity from McMoRan for any liability to Jefferson. Under the services contract, International alleged that it was an “invitee” of McMoRan, and, as such, International claimed it was entitled to indemnity from General Fabricators under that agreement. However, according to the third-party demand, International was deprived of this 13right of indemnity when McMo-Ran breached the services contract by failing to pay the cost of insurance obtained by General Fabricators to cover the indemnity obligation.
McMoRan filed a motion for summary judgment seeking the dismissal of International’s third-party demand on the following two grounds: (1) the charter agreement did not require McMoRan to indemnify or defend_ International for Jefferson’s claims, and (2) the services contract did not require McMoRan to obtain insurance coverage (referred to in the motion and by the parties as “Marcel coverage”) for the benefit of International.[2]
After a hearing, the trial court granted McMoRan’s motion for summary judgment. In its written reasons for judgment, the trial court found that McMoRan had no obligation to defend or indemnify International for Jefferson’s claims and that McMoRan was not obligated to secure insurance coverage for International. A judgment in accordance with the trial court’s written reasons, which dismissed the entirety of International’s third-party demand against McMoRan with prejudice, was signed on December 30, 2015, and it is from this judgment that International now appeals.
LAW AND DISCUSSION
A motion for summary judgment shall be granted only if the pleadings, der positions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is | ¿entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).[3] *53 In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So.3d 763, 769-60. However, “summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.” La. C.C.P. art. 966(F)(1) (emphasis added).
McMoRan’s motion sought the dismissal of International’s third-party demand “on the basis that the applicable contractual agreements [did] not obligate McMoRan to defend, indemnify- or obtain insurance coverage (‘Marcel coverage’) for the benefit of International.” Specific to the services contract, the motion asserts that McMo-Ran “did not have an obligation, contractual or otherwise, to International to provide Marcel [coverage or any other additional insurance coverage in this situation, nor would International have been deemed a beneficiary to any insurance purchased by McMoRan.”
The phrase “Marcel coverage” originated in the context of the Louisiana Oilfield Anti-Indemnity Act (“the Act”). The Act, set forth in La. R.S. 9:2780, was adopted to address inequities foisted on oilfield contractors through indemnity provisions that obligated a contractor to indemnify a principal (usually a larger oil and exploration company) for liability resulting from the principal’s own negligence. See La. R.S. 9:2780(A). Louisiana Revised Statutes 9:2780(B) declares those indemnity provisions void and unenforceable.
|Jn addition, La. R.S. 9:2780(G) declares null and void any insurance provision in a covered agreement that frustrates or circumvents the prohibitions of the Act, including a provision that requires a contractor to add the principal to the contractor’s insurance or secure any other form of insurance protection. See Rogers v. Samedan Oil Corporation, 308 F.3d 477, 481 (5th Cir. 2002); Babineaux v. McBroom Rig Building Service, Inc., 806 F.2d 1282, 1283-1284 (6th Cir. 1987). A contractual provision requiring a contractor to extend its insurance coverage to cover the principal’s acts of negligence is void. See Rogers, 308 F.3d at 481. Such a provision, although not a proscribed indemnity agreement, nevertheless circumvents the purpose of the Act by forcing the contractor to bear the financial burden of providing insurance to cover the principal’s negligence. See Id.
The courts, however, have recognized that La. R.S. 9:2780(G) does not prohibit a provision requiring a contractor to add the principal as an additional insured to the contractor’s liability insurance, if the principal pays the cost of the premium associated with its addition to the contractor’s policy. See Marcel v. Placid Oil Company, 11 F.3d 563, 569-70 (5th Cir. 1994); Patterson v. Conoco, Inc., 670 F.Supp. 182, 184 (W.D. La. 1987). The rationale for permitting such a provision was explained in Marcel as follows:
The [Act] is aimed at preventing the shifting of the economic burden of insurance coverage or liability onto an independent contractor. If the principal pays for its own liability coverage, however, no shifting occurs. We see no need to prevent such an arrangement in order to give effect to the [Act]. Indeed, agree *54 ments such as the one in Patterson may be economically desirable in situations where it is less expensive for the independent contractor to add the principal as an 'additional insured than for the principal to obtain its own insurance on a particular operation.
Marcel, 11 F.3d at 569-70.
laThus, in Marcel, 11 F.3d at 569-570, a limited exception to the Act was established that recognized the validity of indemnity provisions in oilfield contracts where the principal pays for its own indemnity insurance, and that exception is premised upon the fact that there is no shifting of the economic burden of the cost of insurance onto the independent contractor. The exception established by this jurisprudence gave rise to the phrase “Marcel coverage” or “the Marcel exception.” As indicated, it merely recognizes that the Act does not prohibit a contractual provision whereby one party will be named as an additional insured under the other party’s insurance, if the party being added pays the increase in the premium resulting from his addition to the policy. In short, the Act- does not prohibit a party from obtaining insurance coverage if he pays for it.
McMoRan’s motion for summary judgment asserted that its services contract with General Fabricators did not require McMoRan to provide Marcel coverage for International. International has conceded that the indemnity provision in the charter agreement with McMoRan did not obligate McMoRan to indemnify International for the claims asserted by Jefferson. Therefore, summary judgment was properly granted in favor of McMoRan dismissing International’s claims under the charter agreement. International has also conceded that the services contract between McMoRan and General Fabricators did not obligate McMoRan to obtain insurance for International, or to add International as an additional insured under any ■existing policy, likewise making summary judgment proper as to that issue under the services contract. ■ According to International; “Whether or not International [was] an additional insured on General’s ■ insurance policies has no relevance to the issue before the Court. International is not seeking relief as an additional insured on General’s policies.”
| ^Rather, International contends that the trial court erred in dismissing its claim against McMoRan seeking recovery for the alleged loss of a right of indemnity from General Fabricators due to McMo-Ran’s failure to pay the premium cost for General Fabricators’ insurance policy. According to International,' it was an invitee of McMoRan and, therefore, under the terms of the services contract, it had a right of indemnity from General Fabricators for any liability to Jefferson. International asserts that it lost this right of indemnity when McMoRan breached the services contract by failing to pay the cost of insurance obtained by General Fabricators to cover the indemnity obligation. Relying on the Act and jurisprudence interpreting the Act, International claimed that McMoRan’s failure to pay for the insurance rendered the indemnity provision null and unenforceable against General Fabricators. In other words, the claim is that but for McMoRan’s breach of the services contract by failing to pay for General Fabricators’ insurance, International would have been indemnified by General Fabricators. According to International, the alleged loss of this indemnity right, as opposed to a loss of insurance coverage, was the focus of its claim against McMoRan.
Initially, we note that McMoRan’s motion for summary judgment does not address International’s claim that it was deprived of a right of indemnity from *55 General Fabricators due to McMoRan’s failure to pay for the insurance obtained by General Fabricators. The motion for summary judgment does not, either directly or indirectly by reference to the supporting memorandum, present that claim for determination. Instead, McMo-Ran’s motion for summary judgment was limited to whether the services contract obligated McMoRan to procure insurance—“Marcel coverage”—for International. Thus, International’s claim that it was deprived of a right of indemnity falls beyond the scope of McMoRan’s motion for summary judgment and should not have been considered or addressed |sby the trial court when rendering the summary judgment. See La. C.C.P. art. 966(F)(1).
Nonetheless, while this issue may have exceeded the scope of McMoRan’s motion for summary judgment, we find that the trial court reached the right result and properly dismissed International’s claims in this regard. Under the facts alleged in International’s third party demand, as well as the controlling provisions of the Act, set forth in La. R.S. 9:2780, we find that International does not have a cause of action against McMoRan for the alleged loss of the right to indemnity.[4] In other words, the law does not provide a remedy for International against McMo-Ran for the alleged loss of its right to indemnity from General Fabricators based upon McMoRan’s alleged failure to pay the premium for the insurance coverage obtained by General Fabricators.
Under the Act, International did not have a right of indemnity against McMo-Ran and International has acknowledged that the indemnity provision in the charter agreement with McMoRan did not obligate McMoRan to indemnify International for the claims asserted, by Jefferson. Nor does International fall within the Marcel exception to the Act since, the services contract between McMoRan and General Fabricators did not obligate McMoRan to obtain insurance for International, or to add International as an additional insured under any existing policy. While the services contract may have provided that McMoRan was required to pay for any indemnity insurance obtained by General Fabricators, the Marcel exception does not impose a requirement upon principals to purchase | ¡¡indemnity insurance; it simply recognizes the validity of such arrangements. Furthermore, the Marcel exception does not extend to third party beneficiaries, such as International, who do not pay for coverage under the indem-nitor’s policy.
' Accordingly, since International has no right of indemnity, it could not lose the right to indemnity, even if based on McMoRan’s alleged failure to pay the premium for the insurance coverage obtained by General Fabricators. To allow such a claim would imply that defense, indemnity, or insurance coverage was required for McMoRan, which would circumvent and frustrate the purpose of the Act. Therefore, we’find that International does not have a cause of action against McMoRan for the loss of the right to indemnity and the trial court properly dismissed International’s claim in this respect.
*56 CONCLUSION
For all of the above and foregoing reasons, the December 30, 2015 judgment dismissing all of International’s claims against McMoRan is affirmed. All costs of this appeal are assessed to the defendant/appellant, International Marine, LLC.
AFFIRMED.
Theriot, J. concurs without reasons
Holdridge, J. dissents in part for the reasons assigned by J. Crain
Crain, J. dissents in part and assign reasons

. The third-party demand was also filed on behalf of International Offshore Services, LLC. Both International Marine, LLC and International Offshore Services, LLC are collectively referred to hereinafter as "International.”

. As discussed in greater detail hereinafter, the phrase "Marcel coverage” is a reference to an insurance provision that the court in Marcel v. Placid Oil Company, 11 F.3d 563, 569-70 (5th Cir. 1994), held was enforceable under the Louisiana Oilfield Anti-Indemnity Act, La. R.S. 9:2780.

. Louisiana Code of Civil Procedure article 966 was amended and re-enacted by 2015 La. Acts, No. 422, § 1, eff. January 1, 2016. The amended version of La. C.C.P. art. 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the act. McMoRan’s motion for summary judgment was filed on July 15, 2015, which was prior to the effective date of *53 the act. Accordingly, we refer to the former version of La. C.C.P. art. 966. See 2015 La. Acts 2015, No. 422, §§ 2 and 3.

. The failure to disclose a cause of action may be noticed by either the trial court or an appellate court on its own motion, La.- C.C.P, art, 927(B), The peremptory exception raising the objection of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La. 3/17/06), 929 So.2d 1211, 1217. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. Id.