CRAIN, J.,
dissenting in part.
I,The majority correctly concludes the trial court exceeded the scope of the motion for summary judgment by dismissing International’s claim alleging the loss of its indemnity right under the service contract, but I believe errs by dismissing that claim after sua sponte raising and sustaining an exception of no cause of action. The third-party demand alleges the service contract provided an indemnity right in favor of McMoRan and its “invitees” and the parties intended to avail themselves of an “exception” to the Oilfield Anti-Indemnity Act recognized in Patterson v. Conoco, Inc., 670 F.Supp. 182 (W.D. La. 1987), and Marcel v. Placid Oil Company, 11 F.3d 563 (5th Cir. 1994). The applicability of the alleged “Marcel exception” to International’s asserted indemnity right, and the impact thereon, if any, of McMoRan’s alleged failure to pay for certain insurance coverage, while facially questionable, should first be addressed by the trial court who can consider all evidence and arguments bearing on the issues. I believe the reviewable record is insufficiently developed to decide the merits of International’s claim for the alleged loss of its indemnity right. On that issue, I respectfully dissent.