NOT DESIGNATED FOR PUBLICATION

No. 122,312

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ESTATE OF EDNA PHILLIPS, by and through its duly
appointed executor STEVEN PHILLIPS, and STEVEN PHILLIPS,
JOHN PHILLIPS, and JUDY FUGIT, Heirs at Law of EDNA PHILLIPS,
*Appellants*,

v.

ANDOVER SENIOR CARE, LLC, d/b/a VICTORIA FALLS
and d/b/a VICTORIA FALLS ASSISTED LIVING,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed November 5, 2021.
Reversed and remanded with directions.

*Melinda G. Young*, of Melinda Young Law, LLC, of Hutchinson, for appellants.

*Matthew A. Spahn*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for appellee.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired,
assigned.

LEBEN, J.: Suffering from dementia, Edna Phillips moved to a nursing home where
facility staff could help to keep her safe. But she walked out of the facility, apparently
unnoticed, fell on an uneven sidewalk, and broke her hip. She died five days later.

Mrs. Phillips' estate sued the nursing home, owned by Andover Senior Care, LLC,
for the failure to keep Mrs. Phillips from heading outside on her own. But a key piece of

evidence was excluded at trial. That evidence was her son's testimony that the on-call nurse had told him by phone the day Edna fell that she had gotten away unsupervised because both staffers who could have prevented it left for lunch at the same time. The district court excluded that evidence under the rules precluding hearsay testimony.

But the hearsay rules have lots of exceptions, and one of them applied here: the testimony should have been allowed as an admission of a party opponent made by the nursing home's on-call nurse. Because this evidence was central to the plaintiff's case and not presented to the jury, we set aside the judgment entered for the defendant and remand the case for a new trial.

The parties presented extensive evidence in a seven-day jury trial. We will review only the evidence central to the legal issues raised on appeal.

Mrs. Phillips' estate, the plaintiff in this lawsuit, wanted to present her son's testimony that a nurse had called him from the nursing home the day his mother fell. Her son, Steven, would have testified that when he asked the nurse "how [his mother] got out," he "was informed that out of the three staff on duty, two had [gone] to lunch and left the doors unattended."

The district court correctly held that this was testimony about a hearsay statement. Hearsay is a statement, presented to show the truth of what was said, made by someone other than the witness who is testifying. See K.S.A. 2020 Supp. 60-460. But lots of hearsay statements are admissible because there are many specific provisions allowing them into evidence.

Andover Senior Care emphasized at trial and notes again on appeal that its records didn't show that this statement was made. The district court relied on that as one basis for its initial rejection of the testimony, sustaining the hearsay objection and stating that "if

this witness is about to disclose information that is not already contained in the records that have been admitted, then I will sustain the objection."

Before concluding its presentation, Mrs. Phillips' estate renewed the attempt to admit this statement. In support, it argued several specific hearsay exceptions, including one found in K.S.A. 60-460(g). That provision allows hearsay statements to be used "against a party" in the case if the statement was made by a person who was "acting in [a] representative capacity" for the party in making the statement. K.S.A. 2020 Supp. 60-460(g).

Steven testified that the nurse who called him said that "she was the nurse on call at that time." He believed she was Jessica Todd, a registered nurse who worked for Andover Senior Care then, but Steven also admitted that the nurse didn't give her name during that call.

The district court denied admission under K.S.A. 60-460(g) largely because there wasn't clear identification of the nurse who called Steven: "[I]n order for it to come in under [K.S.A. 60-460](g) . . ., the [person making the statement] should really be identified . . . as a representative of the party, an employee of the party. And we haven't firmed up and fully identified the identity of the declarant." Andover Senior Care continues to argue on appeal that unless the nurse who called Steven is identified, the statement can't come into evidence as an admission of a party.

But many courts have held otherwise, and we think their rulings make sense.

What the rule requires is that the statement have been made by someone "in [a] representative capacity" for the party. K.S.A. 2020 Supp. 60-460(g). A similar federal rule allows admission of a statement "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). We

3

agree with Professors Hayden and Mulligan that these provisions are "similar in interpretation." 3 Hayden & Mulligan, Kansas Law and Practice: Lawyer's Guide to Kansas Evidence § 7:9 (5th ed. 2021). A statement made by a party's agent or employee on a matter within the scope of the relationship, the language of the federal rule, is made by a person in a representative capacity, the language of our rule.

In the federal courts, "[i]t is not necessary that the declarant be identified by name, so long as the evidence is otherwise sufficient to show that the declarant bore the necessary relationship to the party and that the subject matter of the statement concerned the declarant's job." Goode & Wellborn, Courtroom Evidence Handbook 259 (2021-2022 student ed.); see *Medical Center at Elizabeth Place, LLC v. Atrium Health System*, 817 F.3d 934, 944-45 (6th Cir. 2016); *Lexington Ins. Co. v. Western Pennsylvania Hosp.*, 423 F.3d 318, 330 n.7 (3d Cir. 2005); *Davis v. Mobil Oil Exploration & Producing Southeast, Inc.*, 864 F.2d 1171, 1173-74 (5th Cir. 1989). And the plaintiff cites a very similar case to ours from the Florida state courts, *Benjamin v. Tandem Healthcare, Inc.*, 93 So. 3d 1076 (Fla. App. 2012). In that case, the court held that testimony about what a nursing-home kitchen worker heard other unidentified employees say about someone choking on food was admissible even though the employees weren't identified. 93 So. 3d at 1085-87.

One unpublished Kansas appellate case, *State v. Mollenelli*, No. 94,550, 2006 WL 3773445, at *3-4 (Kan. App. 2006) (unpublished opinion), does have some language suggesting that the speaker must be identified for the statement to be admitted. But we don't find *Mollenelli* persuasive on this point. First, the discussion of K.S.A. 60-460(g) in *Mollenelli* was completely unnecessary to the court's ruling. The court first said that the issue under K.S.A. 60-460(g) was "not properly before us for review." 2006 WL 3773445, at *3. Only after recognizing that the issue wasn't properly before it did our court speak about it. Second, the statement at issue in *Mollenelli* was that of an unnamed police officer, and statements by police officers are treated differently under this specific hearsay rule. Mollenelli's father claimed that an officer called him to have him pick up

4

his son's car after a DUI arrest and that the officer said Mollenelli had passed his sobriety test. Although it wasn't discussed in *Mollenelli*, statements by police officers, while admissible under a variety of other hearsay exceptions, wouldn't be similarly admissible under K.S.A. 60-460(g). When a statement is admitted under K.S.A. 60-460(g) or its federal counterpart, it's admitted as the admission of a party opponent. But courts generally hold that since the party opponent in a criminal case is the government, not the police department, statements by police officers aren't admissible as ones by a party opponent. *E.g.*, *Lippay v. Christos*, 996 F.2d 1490, 1497 (3d Cir. 1993); *United States v. Booker*, 375 Fed. Appx. 225, 230 (3d Cir. 2010) (unpublished opinion). We do not find *Mollenelli* persuasive on the points decided in this appeal.

In our case, the plaintiff provided sufficient evidence that the statement was made in a representative capacity for Andover Senior Care. Steven would have testified that the nurse identified herself as the "on-call nurse" for the facility. We also know that nurse Todd, an employee of Andover Senior Care, did an investigation about what had happened, and she admits that she called Steven that day. So a reasonable juror could easily conclude that Todd made the call. Even if she didn't, though, it's hard to see how a person acting as the "on-call nurse" for the facility would not have been acting in a representative capacity, and that's all that K.S.A. 60-460(g) requires.

Andover Senior Care has argued that one nurse who wasn't its employee (apparently a hospital hospice nurse) may have had contact with Steven that day. But at least according to Steven's testimony, the person who called him said she was the on-call nurse at the nursing home. Steven testified that he thought Todd had called him, even though she didn't identify herself. And Todd didn't rule out that she'd had that conversation: when asked, "[D]o you recall in your conversation with Mr. Phillips telling him whether you had determined the reason that Ms. Phillips got out of the [nursing home]?" she answered, "No, I do not recall." So a jury could conclude that it was Todd who made the call. Or, if it was not Todd, the jury could conclude that it was an

5

authorized "on-call nurse" on the line. Either way, the call would have been made in a representative capacity by someone acting on behalf of Andover Senior Care that day.

We note that no separate foundation is required under K.S.A. 60-460(g) showing that the speaker had first-hand knowledge to support the statement. The statute doesn't require it—it requires only that the person have been acting in a representative capacity when making the statement. See 3 Hayden & Mulligan, Lawyer's Guide to Kansas Evidence § 7:9 ("There is no foundational requirement to prove personal knowledge of the fact admitted. The fact it was made is sufficient."); *Lexington Ins. Co.*, 423 F.3d at 330 n.7 (noting that personal knowledge is not required for a statement's admission under the parallel federal rule, Fed. R. Evid. 801[d][2][D]); *Mahlandt v. Wild Canid Survival & Research Center, Inc.*, 588 F.2d 626, 630-31 (8th Cir. 1978) (holding that the personal knowledge requirement does not apply under the parallel federal rule).

We recognize that in some cases whether to admit a hearsay statement is a discretionary call for the trial court. See *State v. Reed*, 302 Kan. 390, 401, 352 P.3d 1043 (2015). But that discretion comes into play only when the trial court has the legal rules correctly in mind. *State v. Miller*, 308 Kan. 1119, 1166, 427 P.3d 907 (2018). Here, the trial court required that the person making the statement be identified before it could be admitted. Although it's not completely clear, the trial court appears also to have required that the statement have been made by an employee, not some other agent. Both points would be wrong (though we also recognize that it's probably impossible to get all points of evidence law right as the objections fly past at trial). Nothing in K.S.A. 60-460(g) requires that the speaker be identified beyond a showing that the person acting in a representative capacity at the time, which would be met by any statement of the on-call nurse. We therefore find error in the trial court's exclusion of Steven's testimony on this point.

6

Andover Senior Care argues that the error is harmless, so a new trial isn't needed. As the party benefitting from the error, Andover Senior Care must show that there is no reasonable probability that the error affected the trial's outcome given the entire record. *Rockhill Pain Specialists v. Hancock*, 55 Kan. App. 2d 161, 175-76, 412 P.3d 1008 (2017); see K.S.A. 2020 Supp. 60-261.

Although Andover Senior Care argues that this hearsay statement was a small part of a seven-day trial, how Mrs. Phillips managed to get outside and whether Andover Senior Care's employees had been negligent were central parts of the plaintiff's case. The excluded testimony strongly suggested that Mrs. Phillips got out only because the two employees who could have prevented it both left for lunch at the same time. Andover Senior Care has provided no rationale in its appellate brief that would suggest it was proper for these two employees to leave for lunch at the same time. We are not convinced that the error here was harmless.

Mrs. Phillips' estate makes two more claims on appeal. It claims a written statement from Jeannie Lopez, a nursing aide, should have been admitted. But the estate didn't ask to have that statement admitted at trial. The estate also complains that it wasn't allowed to cross-examine Todd using Lopez' statement. But the estate has not pointed to any point in the trial transcript at which it made this argument to the trial court as a basis for cross-examination of Todd. We therefore find these claims not preserved for appeal. See *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). Even so, since the case will be retried, whether the Lopez statement is admissible or may be used to impeach Todd will be determined at the new trial based on the presentation made there.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.